UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**JOHN DOE**,

                      Plaintiff,         Civil Action No.: 5:23-cv-00153

    v.                                                        (GTS/TWD)

**SYRACUSE UNIVERSITY,
BOARD OF TRUSTEES OF SYRACUSE UNIVERSITY,
ROBERT HRADSKY, KARA ZARNOWSKI, JOHN
ROMANO, AND ILIKEA FUENTES,** in their individual
and official capacities,

                      Defendants.

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

      Plaintiff, John Doe ("Plaintiff"), by his attorneys Bousquet Holstein PLLC, submits this Memorandum of Law in support of his Motion to Proceed Under a Pseudonym and for a Protective Order seeking to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff John Doe, to refer to his female accuser as Jane Roe and to have a protective order restraining the Defendants from disclosing their real names. As further outlined below, Plaintiff has filed this Motion because he is justifiably concerned about permanent and irreparable harm to his reputation, which could further prevent Plaintiff from proceeding with his future endeavors. He is also concerned about retaliatory emotional or physical harm which may arise if he is required to disclose his identity. *See* Declaration of Kavitha Janardhan, Esq. attached to Plaintiff's Ex Parte Motion to Proceed Under a Pseudonym.

### STATEMENT OF FACTS

      The relevant facts are set forth within the Complaint, which asserts claims under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983"), Section 1981 of the

Civil Rights Act of 1981, 42 U.S.C. § 1981 ("Section 1981"), Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq. ("Title IX"), and under New York State common law for claims of battery, assault, false arrest and false imprison, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring, training, and supervision.  A true and correct copy of the Complaint is attached as Exhibit A to the Affidavit of Kavitha Janardhan, Esq.

## ARGUMENT

Though Rule 10 (a) of the Federal Rules of Civil Procedure generally requires that a complaint name all parties, courts may, under certain circumstances, "permit plaintiffs to proceed anonymously." *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).    In making this determination, a court must apply a balancing test "that weighs the plaintiff's need for anonymity against countervailing interests in full disclosure." *Id.*   In doing so, a court may consider a list of non-exhaustive factors, including:   "(1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature,  (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties, (3) whether identification presents other harms and the likely severity of those harms,  including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity, (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure,  particularly in light of his age,  (5) whether the suit is challenging the actions of the government or that of private parties,  (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court,  (7) whether the plaintiff's identity has thus far

2

been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Id.*, internal citations omitted.

### A.   Plaintiff and Jane Roe Would Face Harm if Their Identities Were Exposed

Under the factor-driven inquiry set forth above, Plaintiff should be permitted to proceed with a pseudonym in this action.  The facts underlying this action are highly sensitive and personal to both Plaintiff and his female accuser, Jane Roe, as they relate to serious allegations of bullying, harassment, and discrimination involving both Plaintiff and Roe during their time as students at Syracuse University.  This matter is particularly sensitive because Plaintiff and Jane Roe are in their early 20's.  They are in the process of completing, or, in Roe's case, have recently completed, their undergraduate degrees, and are embarking on their careers.  Disclosure of their identities, and potential media and online attention to this case, could permanently and irreparably injure their reputations and impede their professional and educational goals.  *See Doe v. New York University,* 537 F.Supp.3d 483, 497 (S.D.N.Y. 2021).   Perhaps for this very reason, it is common for college and university students to file complaints under pseudonyms.  *See e.g., Doe v. Syracuse University,* 440 F.Supp.3d 158 (N.D.N.Y. 2020); *Doe v. Syracuse University,* 2020 WL 1443023 (N.D.N.Y. 2020); *Doe #1 v. Syracuse University,* 468 F.Supp.3d 489 (N.D.N.Y. 2020); *Doe v. Syracuse University,* 341 F. Supp.3d 125 (N.D.N.Y 2018).

As an additional and separate consideration, disclosure of Plaintiff's identity could lead to retaliatory mental or physical harm to him, and further exacerbate the injuries which this litigation seeks to redress.  Plaintiff is a current student at Syracuse University, and it is likely

that other students, faculty, and recent graduates of Syracuse University would locate the complaint online. This places Plaintiff at risk for retaliatory action for pursuing this action. *Doe v. Colgate Univ.,* 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016); *E.E.O.C. v. Spoa, LLC.*, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013). As outlined in the Complaint, Plaintiff has been the subject of online bullying and physical threats by other students. Disclosure of his identity in connection with this action could lead to further bullying and cause additional emotional trauma and stress to Plaintiff. *Id.*

### B. Defendants Would Not Be Prejudiced by Permitting Plaintiff to Proceed Under a Pseudonym

While Plaintiff could face serious and irreparable harm if he is required to disclose his identity, Defendants will not be prejudiced in any way by Plaintiff proceeding anonymously. Defendants are already aware of Plaintiff's identity, and have, to date, kept Plaintiff's identity and the identity of Jane Roe confidential, as both individuals were students at the time of the incident set forth within the Complaint. Aside from redacting Plaintiff and Jane Roe's name from documents (which Defendants have likely already done), Defendants will be able to present defenses, conduct discovery, and litigate this action just as they would any other action.

### C. There is a Weak Public Interest in Disclosing Plaintiff's Identify

Finally, the public has a weak interest, if at all, in learning of Plaintiff's and Jane Roe's identities. The facts alleged within the Complaint will be publicly available, and the use of pseudonyms will have no effect on the public's ability to scrutinize these proceedings. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant Plaintiff's motion to proceed in this action with the pseudonym John Doe, to give his female accuser pseudonym treatment as Jane Roe, to have a protective order restraining the Defendants from disclosing their real names, and to grant such further and other relief as the Court deems just and proper.

Dated: February 3, 2023

**BOUSQUET HOLSTEIN, PLLC**

*/s/Kavitha Janardhan*
_____
Kavitha Janardhan, Esq.
Bar Roll No.: 519962
John L. Valentino, Esq.
Bar Roll No.: 501070
*Attorneys for Plaintiff, John Doe*
110 West Fayette Street, Suite 1000
Syracuse, New York 13202
Tel: (315) 422-1500
E-Mail: kjanardhan@bhlawpllc.com

6200206.1