UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON WILLIAMS,<br><br>                                    Plaintiff,<br><br>-v-<br><br>SYRACUSE UNIVERSITY, BOARD OF TRUSTEES OF SYRACUSE UNIVERSITY, ROBERT HRADSKY, KARA ZARNOWSKI, JOHN ROMANO, AND ILIKEA FUENTES, in their individual and official capacities,<br><br>                                    Defendants. | Civil Action No. 5:23-cv-00153 (FJS/TWD) |

## (*PROPOSED*) CIVIL CASE MANAGEMENT PLAIN

**IT IS HEREBY ORDERED** that, pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable THÉRÈSE WILEY DANCKS, United States Magistrate Judge, on **November 22, 2024**, at **11:00 AM**. The Courtroom Deputy for Magistrate Judge DANCKS will provide counsel for the parties, and any unrepresented parties, with instructions on how to dial into his audio conference line for the Rule 16 conference.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before **August 22, 2025 (Plaintiff) or December 23, 2024 (Defendant).**

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before **August 22, 2025 (Plaintiff) or December 23, 2024 (Defendant).**

3. **DISCOVERY**:
   - **Plaintiff:** All discovery in this action shall be completed on or before **January 9, 2026.**
   - **Defendant:** All **fact discovery shall be completed by October 10, 2025 and all discovery completed by January 9, 2026.**

   **(Discovery timetable is to be based on the complexity of the action).**

4. **MOTIONS:** All motions, including discovery motions, shall be made on or before **April 9, 2026**. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

5. **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be served on or before **October 11, 2025** (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be served on or before **November 25, 2025** (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be served on or before **December 10, 2025** (at least 30 days before the close of discovery). **Rebuttal expert disclosures shall be limited to *only* expert opinions on new matter and shall not be available as responsive expert disclosure.**

6. **MANDATORY MEDIATION**:

    - **Plaintiff:** A stipulation selecting mediator must be filed on or before **January 15, 2025**. Mediation must be completed on or before **March 1, 2025.**
    - **Defendant:** A stipulation selecting mediator must be filed on or before **September 1, 2025**. Mediation must be completed on or before **October 1, 2025.**

7. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before **April 22, 2026 (or at some time after dispositive motions are decided and any appeal relative to qualified immunity is resolved [if applicable]).** It is anticipated that the trial will take approximately **10** days to complete. The parties request that the trial be held in **Syracuse, New York (The proposed date for the commencement of trial must be within 18 months of the filing date).**

8. **Have the parties filed a Jury Demand?** __X__ (YES) _____ (NO).

9. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 18 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.").**

    This Court has jurisdiction under 28 U.S.C. § 1331 and under 28 U.S.C. § 1367(a) because Plaintiff's causes of action arise under laws of the United States.

    This Court also has jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity. Plaintiff is a resident of the State of New Jersey whereas all Defendants reside in the State of New York. The amount in controversy exceeds $75,000.

10. **Are the parties subject to the Court's jurisdiction? Have all parties been served?**

    Yes, all parties have been served and are subject to the jurisdiction of this Court.

11. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**

    Plaintiff's claims stem from an incident that occurred on the Syracuse University campus on February 8, 2022 and subsequent disciplinary proceedings that resulted in his suspension. Plaintiff alleges that Defendants engaged in willfully biased, wanton, and abusive conduct by arresting him using excessive force and initiating criminal and disciplinary proceedings against him based on false and deliberately misstated allegations. Plaintiff alleges causes of action for excessive force and failure to intervene under 42 U.S.C. § 1983, sex-based discrimination under Title IX of the Education Amendments of 1972,

20 U.S.C. § 1681, *et seq.*, and New York State common law claims of battery, assault, and breach of contract.

Defendants deny that they violated any of Plaintiff's rights and maintain that, at all times, their actions were lawful, reasonable, and constitutional. Defendants further deny that they are State Actors for purposes of being subject to 42 U.S.C. § 1983. To the extent the Court concludes that state action applies, then Defendants will also assert the defense of qualified immunity.

12. **What factual and legal issues are genuinely in dispute?**

    All factual and remaining legal issues set forth in the Second Amended Complaint are in dispute, including whether the Syracuse University engaged in "state action" for purposes of 42 U.S.C. § 1983.

13. **Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

    At this time, it does not appear that the issues in this litigation can be narrowed by agreement or motion. At the close of discovery, however, Defendants' counsel and Plaintiff's counsel anticipate that they will bring dispositive motions.

14. **What specific relief do the parties seek? What are the damages sought?**

    Plaintiff seeks a holding that the actions of Defendants violated 42 U.S.C. § 1983, Title IX of the Education Amendments of 1972, and New York State common law. Plaintiff seeks compensatory damages, including damages for emotional distress attorney's fees and costs, punitive damages, and such other and further relief as the Court deems proper.

    Defendants seek the outright dismissal of this action.

15. **DISCOVERY PLAN**

    A. **Mandatory Disclosures**
    The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

    B. **Subjects of Disclosure**
    The parties jointly agree that discovery will be needed to address the following subjects:

    All issues raised in Plaintiff's Second Amended Complaint and Defendants' Answer, including factual information regarding the incident at issue; University policies; and documents and/or other tangible things necessary for a calculation of damages.

    Defendants anticipate that counsel will need to bring an unsealing motion in local criminal court and will need an authorization prior to proceeding with that motion practice.

    C. **Discovery Sequence**
    Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

At this time, it is anticipated that factual discovery (including interrogatories, document discovery and depositions) will proceed first, followed by expert discovery.

Defendants note that they will generally need all fact discovery prior to proceeding to Mandatory Mediation. Plaintiff, however, does not agree to this approach.

D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

The parties contemplate engaging in all forms of disclosure and discovery permitted under the Federal Rules of Civil Procedure. Discovery will include, but may not be limited to, the events on the date of the incident, policies of the Syracuse University at the time of the incident, information related to the bias and credibility of all material witnesses, and any documentation related to Plaintiff's alleged damages. At this time, the parties do not foresee the need to exceed the number of interrogatories permitted under Rule 33.

E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

The parties reserve the right to schedule their full allotment of 10 depositions per side, but will apply promptly to the Court if more are needed. In addition, depositions of non-party fact witnesses, and expert witnesses may be necessary. The parties expect that all depositions will take place within the Northern District of New York, except for those witnesses who may no longer reside within the District.

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

The parties anticipate the retention of one (or more) experts as well as the potential disclosure of non-retained experts. At this time, the parties do not anticipate seeking any variances from the Federal Rules or the uniform pretrial scheduling order governing expert discovery.

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a

brief description of the provisions which will be included in a proposed order.

The parties will rely on the Federal Rules to govern the obligations and duties regarding electronically stored information. The parties do not anticipate that ESI will comprise a major component of discovery.

H. **Protective Orders**
If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

The parties anticipate seeking a protective order based on Plaintiff's privacy concerns relative to his medical, disciplinary, and criminal records, as well as Defendants' privacy concerns relative to any personnel and/or disciplinary records, if applicable, disclosed in this case.

Finally, Plaintiff's allegations implicate the actions of a separate student (Jane Roe) who has since graduated from Syracuse University. Defendants anticipate that she will not voluntarily cooperate with discovery. To the extent that either party wants to access her educational records, Defendants may be prohibited by federal law from disclosing their existence (or disclosing without a protective order).

I. **Anticipated Issues Requiring Court Intervention**
Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

At this time, the parties do not reasonably anticipate any discovery disputes that may require intervention of the Court, but will promptly advise the Court if a discovery issues arise after exhausting their efforts to meet-and-confer.

The parties acknowledge that this case has been pending for approximately 21 months while the motion practice was pending and have, as a result, endeavored to proposed deadlines in this Civil Case Management Plan that are fairly aggressive. Should the need arise, the parties may need to seek reasonable extensions to the discovery deadlines set by the Court (upon good cause shown).

16. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**

    At this time, the parties do not anticipate that any stipulations will significantly reduce the length of trial. The parties do not believe bifurcation is feasible or desirable.

17. **Are there any related cases pending before the Judges of this Court?**
    No.

18. **In Class Actions, when and how will the class be certified?**

    Not applicable.

19. **What are the prospects for settlement? Please check below the prospect for settlement:**

    1 \_\_\_\_ **2** \_\_\_\_ 3 \_\_\_\_ 4 \_\_\_\_ **5** \_\_\_\_ 6 \_\_\_\_ 7 \_\_\_\_ 8 \_\_\_\_ 9 \_\_\_\_ 10 \_\_\_\_
    (Very unlikely → → → → → → Likely)

    - **Plaintiff:** Evaluates prospects for settlement at "5."
    - **Defendant:** Evaluates prospects for settlement at closer to "2."

    A. Settlement cannot be evaluated prior **to the close of fact discovery, but prior the parties' retention of experts.** (Date).

    B. How can settlement efforts be assisted? The parties cannot anticipate settlement prospects at this early state of the proceedings. Once the parties have completed fact discovery, the parties will likely be in a better position to evaluate the prospect of settlement.

    *(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case –** *Subject to Mandatory Mediation under General Order #47.*

20. **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

    A. Reviewed General Order #47                                  Yes XX No \_\_\_\_

    B. Reviewed the List of Court Approved              Yes XX No \_\_\_\_
       Mediators available on the NDNY website?

    C. Prepared to discuss with the Court, at the          Yes XX No \_\_\_\_
       conference, whether your case should be
       opted out of the program?

    D. Discussed the time frame needed to                   Yes XX No \_\_\_\_
       complete Mandatory Mediation?

---

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on November 15, 2024 and was attended by:

Kavitha Janardhan              for plaintiff(s)

Mary L. D'Agostino             for defendant(s) _____

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.*