

110 WEST FAYETTE STREET ▪ SUITE 1000 ▪ SYRACUSE, NEW YORK 13202 ▪ PH: (315) 422-1500 ▪ FX: (315) 422-3549

January 27, 2025

**VIA CM/ECF**

Hon. Therese Wiley Dancks
US. District Court, Northern District of New York
James M. Hanley Federal Building & U.S. Courthouse
100 South Clinton Street
Syracuse, New York 13261

      Re:    **Williams v. Syracuse University, et al.**
               **Case No. 5:23-cv-153**

Dear Judge Dancks:

This office represents the Plaintiff, Brandon Williams, in the above-captioned matter. The parties' proposed stipulated protective order is due to the filed with the Court today, and we write to inform the Court of two pending disputes between the parties pertaining to the language of the order. Those two issues, as well as counsels' efforts to resolve the issues, are discussed below.

    1. Protection of Plaintiff's Student Records Under FERPA

During the course of parties' discussions regarding the proposed protective order, Defendants asserted a position that Plaintiff has waived his privacy rights under the Family Educational Rights and Privacy Act (FERPA) through his filing of this lawsuit. On that basis, Defendants have declined to include Plaintiff's student records within their designation of "confidential" information subject to protection. In support of their position, Defendants' counsel stated, "FERPA's regulations reflect that when a student initiates a legal action, the school is permitted to disclose that particular 'student's education records that are relevant for the educational agency or institution to defend itself.'" 34 C.F.R. § 99.31.

The regulation relied upon by Defendants states, in its entirety, "If a parent or eligible student initiates legal action against an educational agency or institution, the educational agency or institution may disclose <u>to the court</u>, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself." 34 C.F.R. § 99.31(a)(9)(iii)(B) (emphasis added). The First Circuit, in reviewing this same provision, stated, "The regulation thus allows the school to submit "relevant" documents "to the court." That exception does not defenestrate the student's privacy interests simply because he has sued the school…And it is significant that the regulation permits disclosure 'solely to the Court,' not to the world at large." *Doe v. Mass. Inst. of Tech.,* 46 F.4th 61, 75 (1st Cir. 2022). While the First Circuit, in a footnote, stated that it took "no view on whether this regulatory exception absolves a school


from seeking to file FERPA-protected information under seal," it cited a case from the D.C. Circuit Court finding that an agency violated confidentiality provisions by "unilaterally filing the information on the public record." *Id.* at n.5; *see also Ragusa v. Union Free School Dist.,* 549 F.Supp.2d 288 (E.D.N.Y. 2008) ("In order to temper the privacy concerns raised under FERPA, all the requested education records sought here must be produced in redacted form and subject to a protective order, as outlined below.")

Plaintiff does not object to Defendant's disclosure to the Court of student records relevant to its defense of this case. However, given Plaintiff's strong privacy interests in protecting his student records from disclosure, Plaintiff requests that the Court require that the parties designate Plaintiff's student education records as "confidential," and thereby allow Plaintiff the opportunity to apply for the records to be sealed or redacted.

It has also come to our attention that Defendants have already filed Plaintiff's FERPA-protected material publicly. Plaintiff requests that the Court order that such materials be immediately removed from the Court docket and sealed. Plaintiff is willing to file a separate application to seal such records, if such filing is deemed necessary by the Court.

2. Protection of Personal Information within Plaintiff's Sealed Criminal File

The second point of disagreement relates to the confidentiality of Plaintiff's sealed criminal record. While we have not reviewed the entire sealed criminal file, we are aware of certain documents within the file which contain Plaintiff's personal cell phone number, his father's cell phone number, Plaintiff's place of birth, and his complete physical description (height, weight, eye color, build, race). We are also aware that Plaintiff's criminal file contains his fingerprints which, if released, could potentially lead to a further breach of his personal information. The criminal file also contains statements submitted by Jane Roe, Plaintiff's accuser, and her friend, as well as photographs and video footage of both Plaintiff and Jane Roe. These law enforcement records are not protected under the FERPA and are not covered under any separate provision within Defendants' proposed order. *Rome City Sch. Dist. v. Grifasi,* 806 N.Y.S.3d 381, 383 (Oneida Cty. Sup. Ct. 2005) ("FERPA is *not* meant to apply to records, such as the videotape in question which was recorded to maintain the physical security and safety of the school building and which does not pertain to the educational performance of the students captured on this tape.")

In order to protect Plaintiff's personal information, we requested that the joint protective order include "sealed criminal records" as a category of documents which would automatically receive a "confidential" designation.

As the enclosed email exchange reflects, Defendants do not agree to automatically designate the sealed criminal records as confidential. They state that such an automatic designation does not seem practical, and that the parties may later designate such records as confidential. These



Hon. Therese Wiley Dancks
January 27, 2025
Page 3

arguments do not address Plaintiff's legitimate privacy concerns, as we are aware that Defendants have obtained (and previously filed) documents from the criminal file. We believe that Plaintiff's privacy concerns strongly outweigh any arguments raised by Defendants relating to practicality or inconvenience, particularly given that the information that Plaintiff seeks to protect is as sensitive, if not more sensitive, than the information that Defendants have otherwise designated as "confidential" within their draft proposed order.

We had hoped to resolve the above issues without involving the Court, but as reflected in the attached email exchange, the parties have reached an impasse. Plaintiff therefore respectfully requests a conference with the Court to address these issues.

Respectfully submitted,

BOUSQUET HOLSTEIN PLLC

*/s/Kavitha Janardhan*

Kavitha Janardhan
Direct Dial: (315) 701-6468
Email: kjanardhan@bhlawpllc.com

KJ/ate
Attachments

7345390.1