UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON WILLIAMS,<br><br>                                Plaintiff,<br><br>-v-<br><br>SYRACUSE UNIVERSITY, BOARD OF TRUSTEES OF SYRACUSE UNIVERSITY, ROBERT HRADSKY, KARA ZARNOWSKI, JOHN ROMANO, AND ILIKEA FUENTES, in their individual and official capacities,<br><br>                                Defendants. | Civil Action No. 5:23-cv-00153<br>(FJS/TWD) |

## **PROTECTIVE ORDER REGARDING MATERIALS CONTAINING CONFIDENTIAL INFORMATION**

**WHEREAS** the parties to the above-captioned action (each a "party" and, together, "the parties") acknowledge and agree that during the course of discovery it may be necessary to produce or disclose confidential, sensitive, or proprietary, health, personal, FERPA-, or HIPAA-protected information, and that such information should be treated as confidential, protected from disclosure outside of this litigation, and used only for the purposes of prosecuting or defending this action and any appeals. Accordingly, the parties jointly request the entry of this Protective Order to limit the disclosure, dissemination, and use of Confidential Information.

**IT IS HEREBY AGREED, STIPULATED, AND ORDERED:**

1. This Protective Order shall govern the handling of information produced or disclosed during the course of the litigation in this action, whether revealed in a document, deposition, other out-of-court and pre-trial testimony, discovery response, or otherwise (collectively, "Discovery Material"), when it is designated as "Confidential Information" as defined in this Protective Order.

{H5297521.2}

2. <u>Designation of Materials as Containing Confidential Information.</u> Either party may designate Discovery Material produced in this litigation as "Confidential Information" as set forth below:

    (a)    The designation of Confidential Information in any document shall be made by:

        (i)    placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL"; or

        (ii)    designating the document as "CONFIDENTIAL" within the electronic file name of the document.

    (b)    Discovery Material containing Social Security or taxpayer-identification numbers, dates of birth, names of minor children, financial account numbers, home addresses, sensitive information involving personal financial, medical, matrimonial, or family matters, employment records of individuals, sealed criminal records, information protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g *et. seq.,* ("FERPA") and/or the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d *et. seq.,* ("HIPAA"), and proprietary information for which special protection from public disclosure shall *automatically* be deemed by the parties as containing Confidential Information (regardless of whether marked as "CONFIDENTIAL" in accordance with Paragraph (2)(a)).

    (c)    The parties shall make all reasonable efforts to designate Confidential Information in any document prior to, or contemporaneously with, the production or disclosure of that information. At any time, however, the Producing Party may designate any information as confidential that has

{H5297521.2}

already been produced—and which was not initially designated as "CONFIDENTIAL" —by notifying, in writing, the Receiving Party that the produced material contained Confidential Information, however, such designation may be challenged for good cause shown.

(d) The designation of "CONFIDENTIAL" on any Discovery Material shall not mean that the entire material is confidential. Only the confidential information (as described by Paragraph 2(b)) contained in any designated material shall be automatically deemed confidential and protected from disclosure.

3. <u>Disclosure of Confidential Information.</u> Discovery Material that is designated as containing "Confidential Information" shall not be used, disclosed, or disseminated by the parties, counsel for the parties, or any persons identified in Paragraph 3(a) below for any purpose whatsoever other than preparing for and conducting the above-captioned litigation. Discovery Material may be disclosed only in the following circumstances:

(a) Disclosure may be made to:

(i) The attorneys of record in this action and their employees or contractors who are assisting them in this action, such as investigators, litigation assistants, paralegals, and secretarial and other clerical personnel;

(ii) Independent experts who have been retained by the party or its attorneys for this action, provided that each independent expert first executes an "Acknowledgement" attached as **Exhibit A**;

(iii) The parties (including officers, directors, in-house attorneys, employees, student members, or advisors of the parties) who require the information to

{H5297521.2}

assist in or evaluate this action, provided that they are advised of the provisions of this Protective Order;

(iv) The Court and persons associated with or employed by the Court whose duties require access to the information;

(v) For documents that have been designated CONFIDENTIAL, the author of the document, any person identified as a recipient of the document on its face, or any person who actually received it;

(vi) Any witness or deponent during the course of his, her, or its deposition in the action, and any witness or potential witness who any counsel of record believes in good faith should be shown Confidential Information in connection with the prosecution or defense of claims in the case provided that each such witness, potential witness, or deponent is advised of the provisions of this Protective Order;

(vii) Any witness testifying at the trial of this matter;

(viii) The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition;

(ix) Litigation support services, including outside copying services and companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in this action, for whom a company representative has signed the "Acknowledgement" attached as **Exhibit A**;

   (x) Any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties, and the mediator or arbitrator's secretarial and clerical personnel; and

4. <u>Use of Confidential Information.</u> The parties shall cooperate to ensure that no Confidential Information is inadvertently filed on the public docket. If a party seeks to file any pleading, motion, memorandum, appendix, exhibit, or other judicial filing that contains or incorporates any Confidential Information that is *not* subject to the redactions permitted by Local Rule 5.2 of the United States District Court for the Northern District of New York, then the filing party shall file a placeholder of the document on the public docket, with a blank page that is marked appropriately (*e.g.*, as "Sealed Affidavit," "Sealed Exhibit Number ___," "Sealed Memorandum of Law," etc.). The filing party shall then provide the Confidential Information to chambers in accordance with the Court's Local Rules and General Order 22. The party that originally indicated the Discovery Material contained Confidential Information shall then file the appropriate application with the Court seeking to have those docket entries sealed or redacted in accordance with the Court's Local Rules and General Order 22.

   (a) Notwithstanding the redactions permitted under Local Rule 5.2 of the United States District Court for the Northern District of New York, the parties recognize that this Protective Order does not, by itself, authorize the filing of any document under seal or in a redacted form with the Court. Notwithstanding any other provision of this Protective Order, documents and things may not be filed under seal or in a redacted form with the Court unless such is authorized by a separate Order by the Court upon an express finding that the documents

or things, or portions thereof to be sealed or redacted, satisfy the requirements that are set forth in Second Circuit case law (*e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)), Local Rule 5.2, and General Order 22 of the United States District Court for the Northern District of New York.

  (b) Nothing in this section shall prohibit a party from introducing Confidential Information as evidence at trial so long as the information is deemed to be both relevant to the merits of the dispute and is otherwise admissible.

5. <u>Return of Designated Material at Conclusion of Litigation.</u> Within ninety (90) days of the conclusion of the litigation, the Receiving Party shall make a good faith effort to either return or confirm the destruction of all material treated as containing Confidential Information under this Order (and not received in evidence) to the Producing Party. Notwithstanding the provisions herein, counsel for the Receiving Party shall be entitled to retain their own court papers, deposition and trial transcripts, and marked exhibits only. All other Confidential Information, or documents containing or referencing such information, shall be destroyed or returned under this paragraph. Neither party may reference or make representations regarding the content or substance of any Confidential Information for purposes of any other lawsuit or future matter.

6. <u>Application of this Order.</u> The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

7. <u>Duration.</u> This Order shall remain in full force and effect until modified, superseded, or terminated by the consent of the parties or by Order of the Court, and shall survive termination of this action.

{H5297521.2}

8.  <u>The Court's Retention of Discretion</u>. The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

By: _____

*Counsel for Plaintiff*

By: _____
**Mary L. D'Agostino, Esq.**
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202
(315) 565-4500

*Counsel for Defendants*

DATE: _____, 2025

**SO ORDERED:**

_____
Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge

{H5297521.2}

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I acknowledge that I have received, have read, and understand the Protective Order ("Order") in the above-captioned action. I am familiar with the provisions of the Order and agree to be bound by it. I agree not to copy or to use any Confidential Information for any purpose other than those necessary for me to perform my duties in connection with the instant action and I agree not to reveal any or all such Confidential Information to any person not authorized by this Order.

I further acknowledge and understand that for any violation of the provisions of said Order I am subject to the penalties of the Court and any and all penalties imposed upon me by law. I submit to the jurisdiction of the U.S. District Court for the Northern District of New York for the purpose of enforcement of the Order and waive any and all objections to jurisdiction and venue regarding the same.

_____  
Date

_____  
Signature

_____  
Print Name

_____  
Occupation

{H5297521.2}

{H5297521.2}