| | |
|---|---|
| **From:** | Janardhan, Kavitha |
| **To:** | Mary L. D'Agostino; Berkowitz, Daniel J |
| **Cc:** | John G. Powers; Gabriela C. Groman |
| **Bcc:** | Valentino, John L.; Williams_Brandon_W1510L_00002_Federal Court Lit_Syracuse University Department 2_Emails |
| **Subject:** | RE: Williams v. SU, et al. - Revised Proposed Protective Order [BH-LEGAL.FID653787] |
| **Date:** | Monday, January 27, 2025 2:25:09 PM |
| **Attachments:** | image003.png |

Mary,

The Doe case emphasizes that the regulation only permits disclosure "to the court" and does not "defenestrate the student's privacy interests simply because he has sued the school." The EDNY case that I cited in my prior email contains similar language concerning a student's FERPA rights and the limited scope of the regulation.

I was hoping that we would resolve this issue between us and avoid involving the Court. However, given the seriousness of our client's privacy interests under FERPA, the fact that you are refusing to designate his student records as confidential despite the caselaw that we have provided, and the fact that it appears that his FERPA protected information has already been publicly filed, we have no choice but to submit a separate letter to the Court outlining our position. We ask that your office refrain from filing any additional documents from Plaintiff's student record on the docket until this issue is resolved.

Finally, regarding Jane Roe, I'm typically not one to quibble. I raised the issue of Jane Roe's FERPA rights in relation to the criminal file because I do not believe that your draft order, as written, protects against the disclosure of her identity. We are agreeable to getting Kevin Hutzel involved, and I would think he would agree that we should include all categories of documents with Jane Roe's name within Paragraph 1(b).

Thanks,
Kavitha

**Kavitha Janardhan**
**BOUSQUET HOLSTEIN PLLC**

110 West Fayette Street | One Lincoln Center, Suite 1000 | Syracuse, New York 13202-1190
Tel: 315.701.6468 | Fax: 315.422.3549 | Email: **KJanardhan@BHLawPLLC.com** |
**www.BHLawPLLC.com**



From: Mary L. D'Agostino <mdagostino@hancocklaw.com>
Sent: Monday, January 27, 2025 11:19 AM
To: Janardhan, Kavitha <kjanardhan@bhlawpllc.com>; Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>
Cc: John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
Subject: RE: Williams v. SU, et al. - Revised Proposed Protective Order [BH-LEGAL.FID653787]

Hi Kavitha,

The *Doe* case you cited expressly declined to address "whether this regulatory exception absolves a school from seeking to file FERPA-protected information under seal." Courts have been legion that a plaintiff impliedly waives his FERPA rights in those educational records that are relevant to the University's defense, which is the issue that we would be dealing with--not a request for anonymity in a Title IX case involving sexual misconduct. Mr. Williams' disciplinary records are certainly relevant to the University's defense particularly when he's alleging to have been treated differently. While I can't think of a reason his transcript or financial aid records might be relevant now, I also can't begin to speculate what additional records might be relevant to the University's defense as the case proceeds.

Our prior filings were intended to protect the identities of those students who have *not* waived their FERPA rights, *i.e.*, Jane Roe and other student witnesses. This is why Plaintiff's conduct board documents are redacted (and *not* sealed) on the public docket. See Dkt. No. 32-2.

At bottom, there are more efficient ways to handle your concerns regarding the handling and filing of Plaintiff's personal information rather than designating an entire set of documents (the scope of which neither party presently knows) as confidential. For example, we could simply agree in the protective order to refrain from filing documents that contain personal information on the public docket.

A proposed letter to the Court is attached. I'm not really sure why we're quibbling about whether the identification of Jane Roe in a criminal record would fall under FERPA or not if you're not interested in revealing her identity to the public, but given your position, we think it's best that her counsel be informed so that she can be heard on the issue.

Mary L. D'Agostino, Esq.
**Hancock Estabrook, LLP**

1800 AXA Tower I
100 Madison Street | Syracuse, New York 13202
Phone: 315.565.4550 | Fax: 315.565.4650
Email: mdagostino@hancocklaw.com | www.hancocklaw.com



NOTICE: The content of this email is confidential and may include privileged information. If you are not the intended recipient, you may not copy, use, disclose or share it with any third party without the consent of the sender. If you received this email in error, please notify the sender by reply email and delete the original message.

**From:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>

**Sent:** Sunday, January 26, 2025 6:41 PM
**To:** Mary L. D'Agostino <mdagostino@hancocklaw.com>; Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>
**Cc:** John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** RE: Williams v. SU, et al. - Revised Proposed Protective Order [BH-LEGAL.FID653787]

Hi Mary,

Regarding Plaintiff's student records - the regulation that you cited permits limited disclosure <u>to the court</u> of student education records that are relevant for the educational agency to defend itself. It does not permit public disclosure of such records. The First Circuit addressed this issue in *Doe v. MIT,* 46 F.4th 61 (1st Cir. 2022):

> Both at oral argument and in a post-argument letter, see Fed. R. App. P. 28(j), MIT contended that plaintiffs such as John automatically forfeit the confidentiality protections of both FERPA and Title IX by bringing suit. Under the FERPA regulations, when a student "initiates legal action against" a school, the school "may disclose to the court, without a court order or subpoena, the student's education records that are relevant for the [school] to defend itself." 34 C.F.R. § 99.31(a)(9)(iii)(B); see id. § 106.71 (providing exception to Title IX confidentiality requirement "as may be permitted by the FERPA statute … or FERPA regulations"). Invoking this exception, MIT asserts that FERPA's protections "fall by the wayside as soon as the student sues the institution."
>
> It takes rose-colored glasses to read this regulation so expansively, and we reject such a reading. The provision at issue is addressed to the plight of a school trying "to defend itself" against a student lawsuit with its hands tied by FERPA. The regulation thus allows the school to submit "relevant" documents "to the court." 34 C.F.R. § 99.31(a)(9)(iii)(B). That exception does not defenestrate the student's privacy interests simply because he has sued the school. Rather, the exception — which is absent from the FERPA statute itself — is grounded in "a theory of implied consent." Family Education Rights and Privacy, 65 Fed. Reg. 41852, 41858 (July 6, 2000). When a student (or former student) files suit against a school and moves for pseudonymity, any implied consent is necessarily limited — especially when it is uncertain whether the student would continue prosecuting the action if pseudonymity were denied. And it is significant that the regulation permits disclosure solely "to the court," not to the world at large. The privacy concerns animating FERPA continue to have force notwithstanding the litigation, but they become subject to the needs of the judicial process.
>
> *See also Ragusa v. Union Free School Dist.,* 549 F.Supp.2d 288 (E.D.N.Y. 2008) (allowing disclosure of education records to court under 34 CFR 99.31(a)(9)(iii)(B) subject to conditions of protective order) ("In order to temper the privacy concerns raised under FERPA, all the requested education records sought here must be produced in redacted form and subject to a protective order, as outlined below.")

Plaintiff's student records – meaning, his transcript, disciplinary records, financial aid records, etc. – must be automatically designated as confidential under Paragraph 1(b) of your proposed order, as that information is protected by FERPA. This is consistent with your prior filings, in which you submitted Plaintiff's student conduct board documents to the Court under seal. You previously filed a letter motion requesting to seal those same records pursuant to FERPA. If Defendants are now taking the position that Plaintiff's student records are *not* protected by FERPA and that Plaintiff's student records *will not* be automatically designated as confidential, despite the authority that we are providing to you, we will have to bring this issue with the Court.

Also, we are not asserting here that Jane Roe waived her FERPA protections. Rather, it is our position that criminal records within the custody of the DA's office containing information relating to Jane Roe do not meet the definition of student education records under FERPA. You haven't provided us with any authority to support your position that her identity is automatically shielded on all documents just because she was a student. With that said, we have no interest in exposing her identity, which is why we assigned her a pseudonym when we filed the lawsuit. If Plaintiff's sealed criminal records were given an automatic confidentiality designation, that would further ensure that Jane Roe's identity remains protected.

Finally, thanks for suggesting a revision to the protective order, but it does not address our concern about the disclosure of Plaintiff's personal information absent an automatic designation. I'm struggling to understand why you feel the information in Plaintiff's criminal file (cell phone numbers, fingerprints, etc) should not be automatically designated, especially since that information is just as, if not more, sensitive than the information listed in paragraph 1(b) of your proposed draft.

**Kavitha Janardhan**
**BOUSQUET HOLSTEIN PLLC**

110 West Fayette Street | One Lincoln Center, Suite 1000 | Syracuse, New York 13202-1190
Tel: 315.701.6468 | Fax: 315.422.3549 | Email: **KJanardhan@BHLawPLLC.com** |
**www.BHLawPLLC.com**



**From:** Mary L. D'Agostino <mdagostino@hancocklaw.com>
**Sent:** Sunday, January 26, 2025 9:57 AM
**To:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>; Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>
**Cc:** John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** RE: Williams v. SU, et al. - Revised Proposed Protective Order [BH-LEGAL.FID653787]

Hi Kavitha,

FERPA's regulations reflect that when a student initiates a legal action, the school is permitted to disclose that particular "student's education records that are relevant for the educational agency or institution to defend itself." 34 C.F.R. § 99.31; *see also* 65 FR 41852-01 ("We also noted in the 1996 final regulations that we interpreted FERPA to allow an educational agency or institution to infer the parent's or student's implied waiver of the right to consent to the disclosure of information from education records if the parent or student had sued the institution.").

While Plaintiff's lawsuit has resulted in an implied waiver of his own FERPA rights with respect to the records relevant to this case, that waiver does not extend to other students, including Jane Roe. Even if Jane Roe's statement to the District Attorney's office is not itself classified as an educational record under FERPA, her identity within

the statement remains protected under FERPA because she has been identified as a student of the University in this lawsuit.

I further revised the Paragraph 2(c) to reflect that any party may designate Discovery Material produced in this litigation as "Confidential Information" (rather than the Producing Party). My changes are tracked, but I think this revision will narrow some of the areas of concern (setting aside the "sealed criminal record" issue).

Mary L. D'Agostino, Esq.
**Hancock Estabrook, LLP**

1800 AXA Tower I
100 Madison Street | Syracuse, New York 13202
Phone: 315.565.4550 | Fax: 315.565.4650
Email: mdagostino@hancocklaw.com | www.hancocklaw.com



NOTICE: The content of this email is confidential and may include privileged information. If you are not the intended recipient, you may not copy, use, disclose or share it with any third party without the consent of the sender. If you received this email in error, please notify the sender by reply email and delete the original message.

**From:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>
**Sent:** Saturday, January 25, 2025 8:00 PM
**To:** Mary L. D'Agostino <mdagostino@hancocklaw.com>; Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>
**Cc:** John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** RE: Williams v. SU, et al. - Revised Proposed Protective Order [BH-LEGAL.FID653787]

Hi Mary,

We don't believe that a statement submitted by Jane Roe to the DA's office in furtherance of its criminal prosecution is an educational record subject to protection under FERPA.

We have also found no authority stating that a student waives their protections under FERPA by filing a civil complaint against a university. We thought it was a settled matter that SU's public disclosure of Plaintiff's educational records, such as his transcripts and disciplinary records, would be prohibited under FERPA and that such materials would be automatically designated as confidential under your proposed order. If that is not your client's position, then we have a separate issue to raise before the Court.

I'm a little confused about your reference to an "established process." The process within your proposed order does not provide us with a mechanism to designate materials that you may obtain (or have already obtained) from the DA's office as "confidential," as we would

not be the "producing party." There is also no mechanism within your proposed order for us to address this issue on a case-by-case basis *before* materials are publicly filed by Defendants.

I'm happy to schedule a call on Monday if you would like to discuss. Hope you have a great rest of your weekend!

Kavitha

**Kavitha Janardhan**
**BOUSQUET HOLSTEIN PLLC**

110 West Fayette Street | One Lincoln Center, Suite 1000 | Syracuse, New York 13202-1190
Tel: 315.701.6468 | Fax: 315.422.3549 | Email: **KJanardhan@BHLAwPLLC.com** |
**www.BHLAwPLLC.com**



**From:** Mary L. D'Agostino <mdagostino@hancocklaw.com>
**Sent:** Saturday, January 25, 2025 6:01 PM
**To:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>; Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>
**Cc:** John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** RE: Williams v. SU, et al. - Revised Proposed Protective Order [BH-LEGAL.FID653787]

Hi Kavitha,

Our position remains that Jane Roe, along with any other student mentioned in any publicly filed document—whether criminal or otherwise—has not waived their FERPA rights. Accordingly, their identities must be concealed in all public filings to comply with those protections. As for Plaintiff, I'm not prepared to speculate on what our position would be regarding his FERPA rights had he not already waived them by initiating this action in his own name. His voluntary waiver of his FERPA rights does not diminish the rights of other individuals, such as Jane Roe, whose privacy must still be safeguarded under FERPA.

We understand your concern about personal information being publicly filed without prior review. However, as previously noted, we are open to addressing such issues on a case-by-case basis, allowing either party to raise specific concerns about redaction or sealing through the established process. This ensures both parties' interests are protected while avoiding unnecessary "overdesignation" of documents, which is how we view your proposed automatic confidentiality designation.

As for materials swept into the definition of the "criminal file," we have (or had) access to at least some of the materials in question, such as body-worn camera footage and criminal informations. These materials are within the possession, custody, and/or control of our clients and would be subject to sealing under the CPL. That said, we do

not necessarily agree with the characterization that your office would lack the opportunity to designate records as confidential prior to their use.

**Mary L. D'Agostino, Esq.**
**Hancock Estabrook, LLP**

1800 AXA Tower I
100 Madison Street | Syracuse, New York 13202
Phone: 315.565.4550 | Fax: 315.565.4650
Email: mdagostino@hancocklaw.com | www.hancocklaw.com



NOTICE: The content of this email is confidential and may include privileged information. If you are not the intended recipient, you may not copy, use, disclose or share it with any third party without the consent of the sender. If you received this email in error, please notify the sender by reply email and delete the original message.

**From:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>
**Sent:** Saturday, January 25, 2025 4:46 PM
**To:** Mary L. D'Agostino <mdagostino@hancocklaw.com>; Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>
**Cc:** John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** RE: Williams v. SU, et al. - Revised Proposed Protective Order [BH-LEGAL.FID653787]

Hi Mary,

Thanks for getting back to us. We have not reviewed the entire criminal record, but we know that it contains written statements by Jane Roe and her friend which were used in connection with the criminal prosecution. How are those statements protected under FERPA? Is it Defendants' position that the arrest records containing information relating to Plaintiff (also an SU student) are also protected under FERPA?

While neither your office nor my office has seen the entire criminal file, we know that it contains sensitive and personal identifying information relating to Plaintiff and third parties, which is why we strongly believe that an automatic designation is warranted. We agree that the criminal record contains some judicial documents (such as the bodyworn camera footage), but there is also information within the criminal file that is not relevant to any judicial function and to which Plaintiff has a strong privacy interest. The arrest report, which our office has reviewed, contains Plaintiff's place of birth, cell phone number, his father's cell phone number, and his complete physical description, all of which are not otherwise protected under Rule 5.2. The criminal record also likely contains Plaintiff's fingerprints. What we are trying to prevent, among other things, is personal information relating to Plaintiff being publicly filed without us being given an opportunity to submit an application to seal or redact. This is less of an issue of practicality and more of an issue of protecting Plaintiff against the breach of his personal information.

It is our understanding, based on your filing of the plea colloquy and the certificate of disposition, that your office obtained at least some of the criminal file prior to its sealing. Under your proposed order, we would not have the opportunity to designate records that your office has obtained or will obtain directly as confidential prior to their use.

Again, if the file is automatically designated as confidential, the Court would still decide whether particular documents are judicial documents that should be publicly accessed.

Thank you for agreeing to draft a joint letter to the Court for our review. Please feel free to give me a call on Monday if you would like to discuss.

Thanks,
Kavitha

**Kavitha Janardhan**
**BOUSQUET HOLSTEIN PLLC**

110 West Fayette Street | One Lincoln Center, Suite 1000 | Syracuse, New York 13202-1190
Tel: 315.701.6468 | Fax: 315.422.3549 | Email: **KJanardhan@BHLAWPLLC.com** |
**www.BHLAWPLLC.com**



**From:** Mary L. D'Agostino <mdagostino@hancocklaw.com>
**Sent:** Saturday, January 25, 2025 12:21 PM
**To:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>; Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>
**Cc:** John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** RE: Williams v. SU, et al. - Revised Proposed Protective Order [BH-LEGAL.FID653787]

Hi Kavitha,

Thank you for your response and the proposed revisions. We do agree that anything related to Jane Roe should continue to be redacted and/or sealed. However, we view this primarily as a FERPA-related issue, rather than one of criminal record sealing.

That said, we cannot agree to the language "*Sealed criminal records (with the exception of those records already determined by the Court to be subject to public access)*" being automatically deemed confidential. The Court's prior decision was limited to two documents in the criminal file – the plea colloquy and the Certificate of Disposition. As I mentioned before, the criminal file encompasses all documents that gave rise to the prosecution, including criminal information, police reports, the District Attorney's file, body-worn camera footage, and other materials that neither party has reviewed yet. It also includes the DA's review of the use of force.

We believe that the vast majority of these criminal records should not be *automatically* sealed or redacted, particularly when they may later become judicial

documents.

While I understand that we can oppose an application to seal, you can also designate documents as confidential. Applying an automatic designation just doesn't seem practical, especially when we're speculating about the content of records that neither party has seen.

At this point, I can draft a joint letter to the Court providing the parties' counterproposals for filing on Monday.

Mary L. D'Agostino, Esq.
**Hancock Estabrook, LLP**

1800 AXA Tower I
100 Madison Street | Syracuse, New York 13202
Phone: 315.565.4550 | Fax: 315.565.4650
Email: mdagostino@hancocklaw.com | www.hancocklaw.com



HANCOCK ESTABROOK
Celebrating 135 Years | Est. 1889

NOTICE: The content of this email is confidential and may include privileged information. If you are not the intended recipient, you may not copy, use, disclose or share it with any third party without the consent of the sender. If you received this email in error, please notify the sender by reply email and delete the original message.

**From:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>
**Sent:** Friday, January 24, 2025 3:41 PM
**To:** Mary L. D'Agostino <mdagostino@hancocklaw.com>; Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>
**Cc:** John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** RE: Williams v. SU, et al. - Revised Proposed Protective Order [BH-LEGAL.FID653787]

Mary,

By "sealed criminal records," we are referring to records within the criminal file for DR#22-152303 which have not already been deemed by the Court to be subject to the common law or First Amendment right of access. Examples of records that would be deemed "confidential" under this designation would include Plaintiff's fingerprints, unredacted photographs of Jane Roe, and unredacted statements given by Jane Roe and her friend, all of which we believe are part of Plaintiff's sealed criminal file. We assume that you share our position given your prior requests to file photographs and video footage containing images of Jane Roe under seal.

To further clarify, we are not objecting (yet) to Defendants use of such records as evidence, but rather their public filing. Your proposed protective order requires that

we make an application to the Court for each records designated "confidential" to be filed under seal. You can oppose the application if you feel sealing or redaction is not warranted.

If you would like, we can further revise the language to: "Sealed criminal records (with the exception of those records already determined by the Court to be subject to public access)."

Finally, our suggested language does not signal anything with regard to Defendants' request to unseal Plaintiff's criminal file, which have not yet responded to. We reserve all objections relating to the same.

Thanks,
Kavitha


**Kavitha Janardhan**
**BOUSQUET HOLSTEIN PLLC**

110 West Fayette Street | One Lincoln Center, Suite 1000 | Syracuse, New York 13202-1190
Tel: 315.701.6468 | Fax: 315.422.3549 | Email: **KJanardhan@BHLawPLLC.com** |
**www.BHLawPLLC.com**



---

**From:** Mary L. D'Agostino <mdagostino@hancocklaw.com>
**Sent:** Friday, January 24, 2025 12:28 PM
**To:** Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>
**Cc:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>; John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** RE: Williams v. SU, et al. - Revised Proposed Protective Order [BH-LEGAL.FID653787]

Hi Dan,

Can you please clarify what is intended by including "sealed criminal records" within the automatic designation portion of the proposed Protective Order? Is it intended to be as broad as what is included under the Criminal Procedure Law (*i.e.*, certificate of conviction, court transcripts including plea allocution, criminal information, police reports, the District Attorney file, BWC, *etc.* – pretty much everything that gives rise to a criminal case) or something different?

I'm also not sure if you're signaling to us that you will be objecting to providing an authorization to unseal Mr. Williams' criminal record related to DR#22-152303.

We will obviously agree to not use any criminal information related to DR#22-152303 outside the four corners of this lawsuit, but designating *all* of it as being automatically

confidential is not something that we can agree to – particularly with the underlying arrest (and conviction) having been put at issue.

Happy to discuss when you're available. Just let me know.

**Mary L. D'Agostino, Esq.**
**Hancock Estabrook, LLP**

1800 AXA Tower I
100 Madison Street | Syracuse, New York 13202
Phone: 315.565.4550 | Fax: 315.565.4650
Email: mdagostino@hancocklaw.com | www.hancocklaw.com



NOTICE: The content of this email is confidential and may include privileged information. If you are not the intended recipient, you may not copy, use, disclose or share it with any third party without the consent of the sender. If you received this email in error, please notify the sender by reply email and delete the original message.

**From:** Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>
**Sent:** Thursday, January 23, 2025 3:14 PM
**To:** Mary L. D'Agostino <mdagostino@hancocklaw.com>
**Cc:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>; John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** Williams v. SU, et al. - Revised Proposed Protective Order [BH-LEGAL.FID653787]

Good afternoon:

Please find attached our revised proposed protective order. The only revision is on page two and is denoted by yellow highlighting.

With kind regards,

DJB

**Daniel J. Berkowitz | Associate**
**Bousquet Holstein PLLC**

110 West Fayette Street | One Lincoln Center, Suite 1000 | Syracuse, New York 13202-1190
Tel: 315.701.6356 | Fax: 315.422.3549 | Email: DBerkowitz@BHLawPLLC.com |
www.BHLawPLLC.com

**BOUSQUET HOLSTEIN** PLLC

**Confidentiality Notice.** The information contained in this email is confidential and may be subject to the attorney/client privilege as well as other privileges. This email is for the use of the intended recipient only. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, printing, copying or any other use of this email is strictly prohibited and may constitute a violation of law. If you have received this email and you are not the intended recipient, please notify us immediately by phone or by reply email and delete this email transmission from your system(s) and destroy all copies hereof.