

110 WEST FAYETTE STREET ▪ SUITE 1000 ▪ SYRACUSE, NEW YORK 13202 ▪ PH: (315) 422-1500 ▪ FX: (315) 422-3549

January 31, 2025

**VIA CM/ECF**

Hon. Therese Wiley Dancks
US. District Court, Northern District of New York
James M. Hanley Federal Building & U.S. Courthouse
100 South Clinton Street
Syracuse, New York 13261

      Re:    Williams v. Syracuse University, et al.
              Case No. 5:23-cv-153

Dear Judge Dancks:

This office represents the Plaintiff, Brandon Williams, in the above-captioned matter.

We apologize for our inadvertent failure to comply with the Court's directive regarding the submission of our proposed protective order. As directed within the Court's January 27th text entry, we are submitting the attached proposed order, containing track changes from the most recent proposed order provided to us by Defendants' counsel. Plaintiff's proposed protective order contains the following requested language:

1. Protection of Plaintiff's Student Records Under FERPA

Given Plaintiff's strong privacy interests in protecting his student records from disclosure, and his legal rights under the Family Educational Rights and Privacy Act of 1974 (FERPA), Plaintiff respectfully requests that the Court require that the parties designate Plaintiff's student education records as "confidential," and thereby allow Plaintiff the opportunity to apply for the records to be sealed or redacted. *See* Plaintiff's Proposed Protective Order, at Para. (b)(iii).

"By enacting the Family Educational Rights and Privacy Act of 1974 (FERPA), 88 Stat. 571, 20 U.S.C. § 1232g, Congress sought to prevent educational institutions from unilaterally disclosing 'sensitive information about students.'…subject to certain enumerated exceptions." *Doe v. Mass. Inst. Tech.,* 46 F.4[th] 61 (1st Cir. 2022), citing *Owasso Indep. Sch. Dist. No. I-011 v. Falvo*, 534 U.S. 426, 428, 122 S.Ct. 934, 151 L.Ed.2d 896 (2002). "Under FERPA, a university receiving federal funds generally may not disclose a student's 'education records.'" *Id.,* citing 20 U.S.C. § 1232g(a)(4)(A), (b)(1). The term "education records" is defined as "records, filed, documents and other material which contain information directly related to the student" and "are maintained by an educational agency or institution…." 20 USC § 1232g (a)(4)(A).



Hon. Therese Wiley Dancks
January 31, 2025
Page 2

Plaintiff's education records, maintained by Defendant Syracuse University, are subject to protection from disclosure under FERPA and, therefore, should be automatically and presumptively treated as confidential under the protective order. However, Defendants have asserted a position that Plaintiff has waived all rights under FERPA by filing this lawsuit and that his education records can be publicly disclosed. In support of their position, Defendants' counsel cites incomplete language from a FERPA regulation, 34 C.F.R. § 99.31(a)(9)(iii)(B), and asserts that, "FERPA's regulations reflect that when a student initiates a legal action, the school is permitted to disclose that particular 'student's education records that are relevant for the educational agency or institution to defend itself.'"

Defendants' citation to 34 C.F.R. § 99.31(a)(9)(iii)(B) omits key language limiting the scope of the disclosure permitted under the regulation. The regulation states, in its entirety, "If a parent or eligible student initiates legal action against an educational agency or institution, the educational agency or institution may disclose **to the court**, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself." 34 C.F.R. § 99.31(a)(9)(iii)(B) (emphasis added). In a decision interpreting the scope of the regulation, the First Circuit stated that the exception set forth in the regulation does not provide for public disclosure:

> "Both at oral argument and in a post-argument letter, see Fed. R. App. P. 28(j), MIT contended that plaintiffs such as John automatically forfeit the confidentiality protections of both FERPA and Title IX by bringing suit. Under the FERPA regulations, when a student "initiates legal action against" a school, the school "may disclose to the court, without a court order or subpoena, the student's education records that are relevant for the [school] to defend itself." 34 C.F.R. § 99.31(a)(9)(iii)(B); see id. § 106.71 (providing exception to Title IX confidentiality requirement "as may be permitted by the FERPA statute ... or FERPA regulations"). Invoking this exception, MIT asserts that FERPA's protections "fall by the wayside as soon as the student sues the institution."
>
> It takes rose-colored glasses to read this regulation so expansively, and we reject such a reading. The provision at issue is addressed to the plight of a school trying "to defend itself" against a student lawsuit with its hands tied by FERPA. The regulation thus allows the school to submit "relevant" documents "to the court." [34 C.F.R. § 99.31(a)(9)(iii)(B)](). That exception does not defenestrate the student's privacy interests simply because he has sued the school. Rather, the exception — which is absent from the FERPA statute itself — is grounded in "a theory of implied consent." Family Education Rights and Privacy, 65 Fed. Reg. 41852, 41858 (July 6, 2000)…**And it is significant that the regulation permits disclosure solely "to the court," not to the world at large.** The privacy concerns animating FERPA continue to have force notwithstanding the litigation, but they become subject to the needs of the judicial process."
>
> *Doe v. Mass. Inst. Tech.,* 46 F.4th 61 (1st Cir. 2022) (emphasis added).

The Final Rule for 34 C.F.R. § 99.31(a)(9)(iii)(B) further provides that "a parent or student who sues an educational agency or institution may petition the court to take measures to protect the student's privacy, such as sealing the court's records." 65 FR 41852, 41858 (July 6, 2000); *see also Ragusa v. Union Free School Dist.,* 549 F.Supp.2d 288 (E.D.N.Y. 2008) ("In order to temper the privacy concerns raised under FERPA, all the requested education records sought here must be produced in redacted form and subject to a protective order, as outlined below.")

To be clear, Plaintiff does not object to Defendants' disclosure to the Court of student records relevant to its defense of this case – Plaintiff only requests that his education records receive the same protections from public disclosure as other current or former students of Syracuse University. His request is consistent with a position previously asserted by Defendants' counsel in a separate case initiated by former Syracuse University students, *John Doe v. Syracuse University,* 2018 WL 7079489, 5:18-CV-0496 (N.D.N.Y. 2018). In that case, Defendant Syracuse University's counsel, in opposition to the Plaintiffs' request to proceed under a pseudonym, argued the following:

> "Alternative mechanisms *do* exist, however, to protect the confidentiality of FERPA-protected materials, including routinely used protective orders or document redactions. The University itself has stringent procedures in place that protect its students' privacy, in light of FERPA and other applicable state and Federal laws. Given these mechanisms that already protect Plaintiff's confidential materials, Plaintiffs cannot assert any special need to protect their identities just because this litigation may require disclosure of FERPA-protected materials."

*John Doe v. Syracuse University,* 5:18-CV-0496, at Dkt 19-1 at 15. (internal citations omitted).

Plaintiff agrees with the position previously asserted by Defendants' counsel and is seeking protection under the same "stringent procedures" that was afforded to the plaintiffs in *Doe*.

With that being said, it has come to our attention that Defendants have already filed Plaintiff's FERPA-protected material publicly. Plaintiff will be filing, separately, a motion to seal these materials.

2. Protection of Personal Information within Plaintiff's Sealed Criminal File

Plaintiff also requests that his sealed criminal record, with the exception of those records that have already been deemed by the Court to be subject to public access, be automatically and presumptively treated as confidential. *See* Plaintiff's Proposed Protective Order, at Para. (b)(v).

Plaintiff's sealed criminal records are subject to protection from public disclosure under Section 160.55 of the Criminal Procedure Law. The Second Circuit has held that, in instances in which a



Hon. Therese Wiley Dancks
January 31, 2025
Page 4

plaintiff seeks to limit a defendant's public use of sealed records, a district court may "issue protective orders forbidding the dissemination of certain material to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden' and require that filings containing such material be submitted under seal." *Brown v. Maxwell,* 929 F.3d 41, 51 (2d Cir. 2019), citing Fed. R. Civ. P. 26 (c). Such a method may be used by the Court to "ensure that they are not used to gratify private spite or promote public scandal" and to "protect the judicial process from being coopted for such purposes." *Id.* Here, the designation of Plaintiff's criminal file as "confidential" is necessary to avoid potential annoyance, embarrassment, oppression, and undue burden to Plaintiff, as well as permanent injury to his reputation.

As an additional and separate consideration, Plaintiff has been the subject of online bullying and threats by former Syracuse University students. While we have not reviewed the entire sealed criminal file, we have reviewed certain documents which contain Plaintiff's personal cell phone number, his father's cell phone number, Plaintiff's place of birth, and his complete physical description (height, weight, eye color, build, race). We are also aware that Plaintiff's criminal file contains his fingerprints which, if released, could potentially lead to a further breach of his personal information. These documents have not been deemed to be "judicial documents," and their disclosure could pose an immediate and irreparable threat to Plaintiff's privacy and safety.

Defendants have refused to automatically designate the sealed criminal records as confidential. They offer no reason for their refusal, other than that automatic designation does not seem practical. We believe that Plaintiff's privacy concerns strongly outweigh any arguments raised by Defendants relating to practicality, particularly given that the information that Plaintiff seeks to protect is as sensitive, if not more sensitive, than the information that Defendants have otherwise designated as "confidential" within their proposed order. Absent Defendants' showing that all of the documents within Plaintiff's sealed criminal file are "judicial documents" worthy of a presumption of public access, their refusal to treat Plaintiff's sealed criminal file as confidential has no basis. Therefore, we are requesting that Plaintiff's sealed criminal record be automatically designated as "confidential" so that Plaintiff may apply to have those records sealed and/or redacted. *See also Rideout v. Lamanna*, 2024 WL 4367943, at *1 (W.D.N.Y. October 1, 2024), citing *Berlin v. Airways*, 2020 WL 3868707, at *2 (E.D.N.Y. July 9, 2020) (granting defendants' motion to seal state criminal records that had been sealed under section 160.50 because "they [we]re confidential records under New York [S]tate law").

   3. Confidentiality of the Identifying Information of Non-Party Current and Former Students

Finally, Plaintiff requests that identifying information of current and former Syracuse University students, such as their names, contact details, and likeness, be automatically and presumptively treated as confidential. *See* Plaintiff's Proposed Protective Order, at Para. (b)(iv). Certain records that will be produced in this litigation, such as emails, photographs, and video footage, may identify Syracuse University students. Not all those materials meet the definition of "educational



Hon. Therese Wiley Dancks
January 31, 2025
Page 5

records" subject to protection under FERPA.  Rather than request the Court to expand FERPA's protections to include records that do not meet the statutory definition of "educational records," Plaintiff requests that the protective order include a separate subparagraph designating this information as confidential.

Thank you for your patience in this matter, and we apologize again for our oversight.

Respectfully submitted,

BOUSQUET HOLSTEIN PLLC

*/s/Kavitha Janardhan*

Kavitha Janardhan
Direct Dial: (315) 701-6468
Email: kjanardhan@bhlawpllc.com

KJ/ate
Attachments

7345390.1