## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5,

*Plaintiffs*,

vs.

SYRACUSE UNIVERSITY, KENT SYVERUD, individually and as Chancellor of Syracuse University, PAMELA PETER, individually and as Assistant Dean of Student Rights and Affairs and the Director of the Office of Student Rights and Responsibilities, ROBERT HRADSKY, individually and as Syracuse University Dean of Students and Associate Vice President of the Student Experience, TERESA ABI-NADER DAHLBERG, individually and as the Dean of the College of Engineering and Computer Science,

*Defendants*.

Civil Action No.:
5:18-CV-496 (FJS/DEP)

---

## NOTICE OF MOTION

| | |
|---|---|
| MOTION MADE BY: | Defendants Syracuse University, Kent Syverud, Pamela Peter, Robert Hradsky, and Teresa Abi-Nader Dahlberg. |
| DATE, TIME AND PLACE OF HEARING: | July 25, 2018 at 9:30 am, before the Hon. David E. Peebles, at the United States District Courthouse in Syracuse, New York. |
| RELIEF REQUESTED: | An Order requiring Plaintiffs to correct the caption and identify the plaintiffs by name. |
| GROUNDS FOR RELIEF: | Fed. R. Civ. P. 10(a) and 17(a). |
| SUPPORTING PAPERS: | Declaration of John G. Powers dated June 18, 2018 and Memorandum of Law dated June 18, 2018 |
| OPPOSITION PAPERS: | To be served and filed according to Local Rule 7.1. |

<u>ORAL ARGUMENT</u>

Defendants respectfully request oral argument.

Dated:  June 18, 2018                                Respectfully submitted,


                                                     *s/John G. Powers*
                                        By _____

| | |
|---|---|
| David W. DeBruin, Esq. (*pro hac vice* pending) | John G. Powers, Esq. (Bar Roll No. 508934) |
| Ishan K. Bhabha, Esq. (*pro hac vice* pending) | Paul J. Tuck, Esq. (Bar Roll No. 520814) |
| JENNER & BLOCK LLP | HANCOCK ESTABROOK, LLP |
| 1099 New York Avenue, N.W., Suite 900 | AXA Tower I, Suite 1500 |
| Washington, DC 20001-4412 | 100 Madison Street |
| (202) 639-6015 | Syracuse, NY 13202 |
| ddebruin@jenner.com | (315) 565-4500 |
| | jpowers@hancocklaw.com |

*Counsel for Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 18, 2018, I caused the foregoing to be electronically filed with the Clerk of the District Court of the Northern District of New York using the CM/ECF system, which sent notification of such filing to the following counsel of record:

| | |
|---|---|
| Kevin E. Hulslander, Esq. | khulslander@smithsovik.com |
| David M. Katz, Esq. | dkatz@smithsovik.com |
| Karen G. Felter, Esq. | kfelter@smithsovik.com |

*s/John G. Powers*
 John G. Powers

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**JOHN DOE #1**, **JOHN DOE #2**, **JOHN DOE #3**,
**JOHN DOE #4, and JOHN DOE #5**,

      Plaintiffs,

vs.

**SYRACUSE UNIVERSITY, KENT SYVERUD**,
individually and as Chancellor of Syracuse University,
**PAMELA PETER**, individually and as Assistant Dean
of Student Rights and Affairs and the Director of the
Office of Student Rights and Responsibilities,
**ROBERT HRADSKY**, individually and as Syracuse
University Dean of Students and Associate Vice
President of the Student Experience, and **TERESA
ABI-NADER DAHLBERG**, individually and as the
Dean of the College of Engineering and Computer
Science,

      Defendants.

Civil Action No. 5:18-CV-00496
(FJS-DEP)

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CORRECT THE**
**CAPTION PURSUANT TO FED. R. CIV. P. 10(a) AND FED. R. CIV. P. 17(a)**

JENNER & BLOCK LLP
David W. DeBruin, Esq. (*pro hac vice* imminent)
Ishan K. Bhabha, Esq. (*pro hac vice* imminent)
1099 New York Avenue, N.W.,
Suite 900
Washington, DC 20001-4412
(202) 639-6015
ddebruin@jenner.com

HANCOCK ESTABROOK, LLP
John G. Powers, Esq. (Bar Roll #: 508934)
Paul J. Tuck, Esq. (Bar Roll #: 520814)
AXA Tower I, Suite 1500
100 Madison Street
Syracuse, NY 13202
(315) 565-4500
jpowers@hancocklaw.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... i

BACKGROUND ....................................................................................................... 1

SUMMARY OF ARGUMENT .................................................................................. 3

ARGUMENT ........................................................................................................... 4

    1.    The litigation does not involve matters that are highly sensitive and of a personal nature .................................................................................................. 5

    2.    Identification of the Plaintiffs does not pose a risk of retaliatory physical or mental harm to the Plaintiffs or to other innocent non-parties. ........................... 7

    3.    Identification of the Plaintiffs does not pose other identifiable harms ................. 9

    4.    Plaintiffs are not "particularly vulnerable" to any harms resulting from disclosure ........................................................................................................ 10

    5.    Plaintiffs' suit challenges the actions of private parties, not the actions of the government ................................................................................................... 10

    6.    Defendants will be prejudiced if Plaintiffs are allowed to proceed anonymously, and that prejudice cannot be mitigated by the Court ..................... 11

    7.    Plaintiffs' identities have not thus far been kept confidential ............................ 12

    8.    Public policy requires the Plaintiffs disclose their identities .............................. 13

    9.    The issues presented are not purely legal in nature. ......................................... 14

    10.    There are alternative mechanisms for protecting the confidentiality of the Plaintiffs' student records. ................................................................................ 15

CONCLUSION ........................................................................................................ 16

# <u>TABLE OF AUTHORITIES</u>

**CASES**

*A.B. v. Hofstra University*, No. 17-CV-5562, 2018 WL 1935986 (E.D.N.Y. Apr. 24, 2018) ..................................................................................................................11

*Andersen v. North Shore Long Island Jewish Healthcare System's Zucker Hillside Hospital*, No. 12-CV-1049, 2013 WL 784344 (E.D.N.Y. Mar. 1, 2013) ...............12

*Anderson v. New York State Department of Correctional Services*, No. 08-CV-0793, 2009 WL 1035109 (E.D.N.Y. Apr. 17, 2009) ...............................................10

*Anonymous v. Medco Health Solutions, Inc.*, 588 F. App'x 34 (2d Cir. 2014) ............................15

*Anonymous v. MEDCO Health Solutions, Inc.*, No. 13-CV-3770, 2013 WL 12084483 (E.D.N.Y. Nov. 14, 2013), *aff'd* 588 F. App'x 34 (2d Cir. 2014) ..........................8

*Doe v. Colgate University*, No. 15-CV-1069, 2015 WL 5177736 (N.D.N.Y., Sept. 4, 2015) ................................................................................................................12, 16

*Doe v. Colgate University*, No. 15-CV-1069, 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) ........................................................................................................................3

*Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006) ............................................................... *passim*

*Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992) ...............................................................4, 5, 6, 13, 16

*Doe v. Hallock*, 119 F.R.D. 640 (S.D. Miss. Dec. 8, 1987)..............................................................8

*Doe v. National Conference of Bar Examiners*, No. 16-CV-264, 2017 WL 74715 (E.D.N.Y. Jan. 6, 2017) ..............................................................................................6, 9

*Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996) ............................................................... *passim*

*Doe v. United States*, No. 16-cv-7256, 2017 U.S. WL 2389701 (S.D.N.Y. June 1, 2017) .............................................................................................................................15

*EW v. New York Blood Center*, 213 F.R.D. 108 (E.D.N.Y. 2003) ....................................................6

*Michael v. Bloomberg L.P.*, No. 14-CV-2657, 2015 WL 585592 (S.D.N.Y. Feb. 11, 2015) ...............................................................................................................................6

*M.M. v. Zavaras*, 139 F.3d 798 (10th Cir. 1998).....................................................................5, 9

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008)...................................... *passim*

**OTHER AUTHORITIES**

Daniel Strauss, Kennedy Rose, & Shweta Karikehalli, *SU students reach to Theta Tau's suspension*, The Daily Orange (Apr. 20, 2018), http://dailyorange.com/2018/04/su-students-react-suspension-theta-tau/ ........................ 13-14

Fed. R. Civ. P. 10(a) ...................................................................................................................3

Fed. R. Civ. P. 17(a) ...................................................................................................................3

Fed. R. Civ. P. 26(c)(1)..............................................................................................................7

https://youtu.be/ogDeS_zKUNw ................................................................................................1

https://youtu.be/rwi4gnJSSZg.....................................................................................................1

## BACKGROUND

Between April 18 and 21, 2018, *The Daily Orange* posted online two videos depicting certain members of the Syracuse University chapter of *Theta Tau* participating in what they now assert was a "time-honored" tradition of satirical "skits" intended to "roast" other members of the fraternity.[1]  In the posted videos, a group of the fraternity members state "fuck black people!" "fuck spics!," and "I solemnly swear to always have hatred in my heart for niggers, spics, and most importantly the fuckin' kikes."[2]  The individuals in the videos can likewise be seen simulating sex acts on a student playing the role of a developmentally-disabled wheelchair-bound individual who they describe as a "wheelchair retarded Yankee," "brain-dead from being chronically whipped," who is "totally unaware of this light rape that's occurring."[3]  Other members of the fraternity can be seen in the videos watching, laughing, and cheering the above-described conduct.  After the University received the videos, it began an investigation into whether the conduct captured on the videos violated the Student Code of Conduct.  On or about April 21, 2018, the University issued a written notice to certain students associated with the videos, indicating that the University had initiated a disciplinary process.[4]

On April 24, 2018, Plaintiffs, five *Theta Tau* members, filed a Complaint alleging, among other things, that the University had violated their "contractually protected First Amendment

---

[1] Dkt. No. 1, ¶¶ 22-23.  The citations in this motion are in large part to the original complaint filed with the Court on April 24, 2018, because the Proposed First Amended Complaint, *see* Dkt. 14-12, has yet to be filed with the Court and has only been attached as an exhibit to Plaintiffs' motion for a temporary restraining order.  In any event, the arguments contain within apply would apply equally to any new plaintiffs added as a result of amended complaint.

[2] The videos are cited in the Complaint, *see* Dkt. 1 ¶ 23, and are available to be viewed at: https://youtu.be/rwi4gnJSSZg and https://youtu.be/ogDeS_zKUNw.

[3] https://youtu.be/rwi4gnJSSZg; https://youtu.be/ogDeS_zKUNw.

[4] Dkt. No. 1, ¶ 38.

Rights,"[5] and that four University administrators engaged in defamation by "falsely labeling the recordings as actual 'extreme and egregious racism, sexism, ableism, antisemitism and homophobia.'"[6]  In the Complaint, Plaintiffs identified themselves only as "John Doe #1, John Doe #2, John Doe #3, John Doe #4, and John Doe #5.[7]  On April 25, 2018, Plaintiffs filed an order to show cause seeking a temporary restraining order and preliminary injunction precluding the University from conducting any disciplinary proceedings arising out of the events captured in the videos.[8]  Plaintiffs also requested permission to proceed anonymously.[9]  On April 26, 2018, by stipulation of the parties, Plaintiffs' withdrew their motion.[10]

On June 5, 2018, the University Conduct Board issued its decision, finding that various students associated with the *Theta Tau* videos, including Plaintiffs,[11] had violated the University's Code of Conduct.[12]  Plaintiffs' appeal of that decision to the University Appeals Board is currently pending.[13]  On June 13, 2018, Plaintiffs filed an order to show cause seeking a temporary restraining order and a preliminary injunction, requiring the University to remove any disciplinary notations from their transcripts, and not to place any holds on their transcripts, pending the completion of disciplinary proceedings.[14]  Plaintiffs also filed a Proposed First Amended Complaint, but have not renewed their motion to proceed anonymously.[15]

---

[5] *See* Dkt. No. 1 ¶ 76.
[6] *Id.* ¶ 89.
[7] *Id.* ¶¶ 5-9.
[8] Dkt. No. 5-1, ¶ 5.
[9] Dkt. No. 5-1.
[10] Dkt. No. 8.
[11] Dkt. No. 14-1, ¶ 19.
[12] Dkt. No. 14-12, ¶ 52.
[13] *Id.*
[14] Dkt. No. 14 at 3.
[15] *See* Dkt. No. 14-12.

2

## SUMMARY OF ARGUMENT

Federal Rule of Civil Procedure 10 provides "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Likewise, Federal Rule of Civil Procedure 17(a) provides "an action must be prosecuted in the name of the real part[ies] in interest." Fed. R. Civ. P. 17(a). Like Rule 10, the intent of this rule is to apprise all parties of the identities of their adversaries and to protect the public's legitimate interest in knowing the facts at issue in court proceedings. *See Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996).

The Second Circuit has set out a narrow exception to this rule. *See Sealed Plaintiff*, 537 F.3d at 189. "[I]n special circumstances when the party's need for anonymity outweighs [1] prejudice to the opposing party and [2] the public's interest in knowing the party's identity," a party may proceed using a pseudonym. *Id.* (quotation marks omitted). "A party seeking to proceed under pseudonym bears a heavy burden." *Doe v. Colgate Univ.*, No. 15-CV-1069, 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016). Based on the facts as alleged in the Complaint, and even considering the affidavits that accompanied Plaintiffs' now-withdrawn order to show cause,[16] Plaintiffs come nowhere close to meeting that stringent standard.

For one, the identities of the individuals that participated in the *Theta Tau* "skits" are already known, or easily ascertainable, based on the videos Plaintiffs themselves identify in the Complaint. Thus, any argument Plaintiffs make for anonymity in this lawsuit, notwithstanding the *lack* of anonymity for the individuals that appear in the videos themselves, is without merit.

---

[16] Dkt Nos. 5-2, 5-3, 5-4, 5-5, 5-6.

Moreover, even were the identities of the individuals that participated in the skit not already public or easily ascertainable, any embarrassment Plaintiffs may feel from their association with the *Theta Tau* videos is no basis for them to evade the requirements of Rules 10 and 17. Concomitant with a plaintiff's right to bring suit in federal courts is the 'customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quotation marks omitted). Basic "[f]airness requires that [plaintiffs] be prepared to stand behind [their] charges publicly." *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996). Indeed, the presumption of openness has particular salience here: Plaintiffs are claiming that the First Amendment protects the offensive speech and conduct depicted in the video. But even if the First Amendment had any application here (and it does not), there is no constitutional right to engage in offensive speech and conduct while shrouded in anonymity. If Plaintiffs believe they are engaging in constitutionally-protected speech—and are using the federal courts to vindicate that right—they should be required to stand behind their speech.

Because, as discussed below, there are no compelling considerations that outweigh the public's "right to know who is using their courts," *Sealed Plaintiff*, 537 F.3d at 189 (quotation marks omitted), Defendants respectfully ask the Court to direct Plaintiffs to amend the caption of the Complaint to comply with Federal Rules of Civil Procedure 10 and 17(a).

## **ARGUMENT**

The Second Circuit has set forth ten "non-exhaustive" factors that "district courts should take into account" when determining whether a party's need for anonymity outweighs the resulting prejudice to the opposing party and the public. *Sealed Plaintiff*, 537 F.3d at 190. A district court need not "list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4. Here, each of the

*Sealed Plaintiff* factors militate against anonymity for the Plaintiffs, and the appropriate outcome is straightforward: the public has a substantial interest in the transparency of legal proceedings and Plaintiffs' desire to limit their association with videos that may cause them embarrassment does not outweigh that interest.

### 1. The litigation does not involve matters that are highly sensitive and of a personal nature.

When assessing whether plaintiffs may proceed anonymously, a court must determine "whether the litigation involves matters that are 'highly sensitive and [of a] personal nature." *Sealed Plaintiff*, 537 F.3d at 190 (quotation marks omitted) (alteration in original). As relevant precedent makes clear, Plaintiffs' potential embarrassment, or even public condemnation, as a result of being associated with the *Theta Tau* videos does not justify anonymity under this factor.

For example, in *Doe v. Shakur*, the court denied a motion to proceed anonymously by a woman who was allegedly sexually assaulted by the late rapper Tupac Shakur. 164 F.R.D. at 362. The plaintiff argued "Shakur's notoriety will likely cause this case to attract significant media attention" and "disclosure of [plaintiff's] name will cause her to be 'publicly humiliated and embarrassed.'" *Id.* But the court denied the motion, holding "claims of public humiliation and embarrassment . . . are not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously." *Id.* Likewise, in *M.M. v. Zavaras*, the Tenth Circuit denied a motion to proceed anonymously by an inmate who was allegedly refused funds to obtain an abortion in prison. 139 F.3d 798, 803 (10th Cir. 1998). The court held the "countervailing public interest" in transparent proceedings outweighed any potential "humiliation" or "embarrassment" the inmate might face were her identity revealed. And, in *Doe v. Frank*, the Eleventh Circuit denied a motion to proceed anonymously by a postal worker allegedly fired for being an alcoholic. 951 F.2d at 323. Observing that "[l]awsuits are public events," the court held "[t]he risk that a plaintiff may suffer some

embarrassment is not enough" to "outweigh[] the presumption of openness." *Id.* at 324. By contrast, courts have permitted a party to proceed pseudonymously in the "unusual case involving matters of a highly sensitive or personal nature—*i.e.*, claims involving sexual orientation, pregnancy, or minor children." *Michael v. Bloomberg L.P.*, No. 14-CV-2657, 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015); *see also EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 109–10 (E.D.N.Y. 2003) (plaintiff who contracted Hepatitis B from blood transfusion permitted to proceed anonymously).

Plaintiffs' complaint does not allege facts suggesting their lawsuit raises "highly sensitive" or "personal" matters that render this the "unusual" case where restricting the openness of judicial proceedings is justified. *See Doe v. Nat'l Conference of Bar Exam'rs*, No. 16-CV-264, 2017 WL 74715, at *3 (E.D.N.Y. Jan. 6, 2017). As the foregoing cases make clear, an individual's desire not to be associated with embarrassing subject matter—a situation that often exists when a lawsuit is filed—does not justify a litigant's anonymity. Indeed, in *Shakur*, the alleged victim of a sexual assault was not granted the right to proceed pseudonymously, and in *M.M.* the plaintiff was required to proceed under her own name even in a suit regarding a sensitive medical procedure. Plaintiffs' wish to be disassociated with the content of the videos does not implicate a topic nearly as sensitive or as personal.

Plaintiffs' withdrawn order to show cause argued this factor was satisfied solely "because Plaintiffs' college disciplinary records are highly sensitive."[17] But any sensitivity surrounding Plaintiffs' college disciplinary records simply does not speak to whether Plaintiffs' *identities* may be concealed when they initiate a federal lawsuit. And federal courts have numerous mechanisms for protecting sensitive or confidential materials during litigation, including protective orders and

---

[17] Dkt. No. 5-7 at 3.

redactions.  *See* Fed. R. Civ. P. 26(c)(1).  Finally, even if Plaintiffs could plausibly suggest that the records are likely to be publicly disclosed if Plaintiffs are required to identify themselves, college disciplinary records are not comparable to the type of personal information previously held "highly sensitive" under this factor, such as medical diagnoses, sexual orientation, or alcoholism.

### 2. Identification of the Plaintiffs does not pose a risk of retaliatory physical or mental harm to the Plaintiffs or to other innocent non-parties.

*Sealed Plaintiff* next instructs courts to determine "whether identification poses a risk of retaliatory physical or mental harm" to the party seeking to proceed anonymously, "or even more critically, to innocent non-parties."  537 F.3d at 190 (quotation marks omitted).  Neither the Complaint nor the previously submitted affidavits contain facts that plausibly suggest the disclosure of Plaintiffs' identities would result in any harm to themselves or "innocent non-parties."

In a previously-submitted affidavit, an unnamed Plaintiff asserted, "[m]embers and new members of the Chapter have been, among other things, . . . fired from jobs and threatened with firing from research positions; . . . physically and verbally assaulted; . . . threatened with physical harm; and . . . forced to take refuge with friends or family to avoid public harassment."[18]  Although this affidavit *does not* say the unnamed Plaintiff, or indeed any of the Plaintiffs, have been subject to physical or mental harm, Plaintiffs' withdrawn motion nonetheless asserted that "disclosing Plaintiffs' identities will expose Plaintiffs and their colleagues to potential physical and mental harm."[19]  That conclusory assertion is precisely the type of allegation insufficient to merit anonymity under this factor.

---

[18] Dkt. No. 5-2, ¶ 19.
[19] Dkt. No. 5-7 at 3.

In *Doe v. Shakur*, the court found the plaintiff's allegation "that she has been subjected to death threats" insufficient because the plaintiff had not "provided any details." 164 F.R.D. at 362. *Shakur* also observed the plaintiff had not "explained how or why the use of her real name in court papers would lead to harm, since those who presumably would have any animosity toward her already know her true identity." *Id.*

The University took precautionary steps to ensure there were no acts of retaliation against any member of the *Theta Tau* fraternity in the immediate aftermath of the release of the videos, which included several peaceful protests and meetings. However, no acts of retaliation occurred and as time has passed, it is clear there is no legitimate risk to the safety of the Plaintiffs that requires ongoing anonymity.

Plaintiffs have not alleged that they would be subject to the risk of any physical or mental harm as a result of their being named in this lawsuit. But even if Plaintiffs made such an allegation, it would be meritless given that the videos with which Plaintiffs want to disassociate themselves are already widely publicly-available. Anonymity is unwarranted where "there is little reason to believe that disclosure of [Plaintiffs'] identity in this lawsuit would serve to increase" the notoriety of, or risks faced by, Plaintiffs.[20]  *Doe v. Hallock*, 119 F.R.D. 640, 644 (S.D. Miss. 1987).  In *Anonymous v. MEDCO Health Solutions, Inc.*, No. 13-CV-3770, 2013 WL 12084483 (E.D.N.Y. Nov. 14, 2013), *aff'd*, 588 F. App'x 34 (2d Cir. 2014), the court rejected the plaintiff's attempt to proceed pseudonymously because according to the complaint, the defendants' actions had already led to "wrongful and widespread dissemination" of the information the plaintiff wanted to keep confidential.  *Id.* at *1.  Plaintiffs' desire for anonymity here fails for the same reasons.  The

---

[20] Indeed, given that University students are currently on summer break, the individual Plaintiffs have no reason to be permanently on campus, and any allegations they may have made regarding other students' animosity on campus are not likely currently applicable.

gravamen of the Complaint is that Defendants have already treated Plaintiffs "unfairly" through the operation of the University's disciplinary proceedings and the issuance of public statements disapproving of the conduct depicted in the *Theta Tau* videos.[21]  Although these allegations are baseless, even under Plaintiffs' version of the events at issue, the purported harm has already occurred and no additional harm or risk could flow from the identification of Plaintiffs in this litigation.[22]

### 3.   Identification of the Plaintiffs does not pose other identifiable harms.

In determining whether to permit a party to proceed pseudonymously, a court may consider "whether identification presents other harms and the likely severity of those harms."  *Sealed Plaintiff*, 537 F.3d at 190.  To weigh in favor of anonymity, the "other harms" must be significant and clearly linked to the disclosure of a plaintiff's identity in the lawsuit.  In *Doe v. Del Rio*, the court rejected a motion to proceed pseudonymously by a woman who was allegedly sexually assaulted by a police officer.  241 F.R.D. 154 (S.D.N.Y. 2006).  As part of its analysis, the court considered a letter from a social worker who had treated the plaintiff for Post-Traumatic Stress Disorder, but found "nothing in the therapist's letter . . . establishes any link between *public disclosure of plaintiff's name* and the described psychological risk to [plaintiff]."  *Id.* at 161 (emphasis in original).  As such, this factor was not satisfied.

---

[21] *See* Dkt. No. 1 ¶¶ 54-63, 86.
[22] Defendants will of course not retaliate against Plaintiffs for filing this lawsuit.  But, even were Plaintiffs to allege to the contrary, Plaintiffs' identities are already known to Defendants as a result of the University's ongoing disciplinary process, and thus, "figuratively speaking, the cat is already out of the bag."  *Doe v. Nat'l Conference of Bar Examiners*, 2017 WL 74715, at *3 (quotation marks omitted); *see Zavaras*, 139 F.3d at 803 (finding plaintiff's fears of "retaliation by [prison] staff members" were vitiated by the "fact the plaintiff's identity is already known to the state agency and staff").

Plaintiffs' prior submissions reveal no actual harm that might result from public disclosure of their identities.  In their affidavits, the only reference to any such harm is that past incidents have been directed at "[m]embers and new members of the Chapter"—not Plaintiffs themselves. As an initial matter, the assertions in that affidavit are substantially less concrete than those deemed inadequate in *Del Rio*.  Moreover, *Del Rio* also criticized the therapist's letter for "appear[ing] to have been hastily prepared in contemplation of litigation," and "based on a single meeting, of unspecified duration" that took place "a week after defendants' motion was filed." *Del Rio*, 241 F.R.D. at 161–62.  Plaintiffs' limited assertions are likewise vague and conclusory, and made in an attempt to superficially address a required legal element of their claims.

### 4. Plaintiffs are not "particularly vulnerable" to any harms resulting from disclosure.

The Second Circuit has directed district courts to consider "whether the plaintiff is particularly vulnerable to the possible harms of disclosure." *Sealed Plaintiff*, 537 F.3d at 190. This factor allows a district court to consider unique factors about the plaintiff, "particularly . . . his age." *Anderson v. N.Y. State Dep't. of Corr. Servs.*, No. 08-CV-0793, 2009 WL 1035109, at *2 (N.D.N.Y. Apr. 17, 2009).  A plaintiff's youth is, sensibly, a relevant consideration in the anonymity analysis "because children are conceived as more vulnerable [and] because the child whose privacy is at stake has not chosen for himself or herself to pursue the litigation." *Del Rio*, 241 F.R.D. at 158.

Plaintiffs are not minors; they are college-age adults.  They are old enough to use the court system, and have knowingly availed themselves of that system to seek redress against Defendants. They are thus also old enough to "stand behind [their] charges publicly." *Shakur*, 164 F.R.D. at

361.  Plaintiffs' failure to address this *Sealed Plaintiff* factor in their withdrawn motion is an apparent concession that this factor disfavors anonymity.[23]

### 5. Plaintiffs' suit challenges the actions of private parties, not the actions of the government.

The fifth *Sealed Plaintiff* factor asks "whether the suit is challenging the actions of the government or that of private parties."  537 F.3d at 190.  This factor weighs *least* in favor of anonymity in "a civil suit for damages, where plaintiff is seeking to vindicate primarily her own interests." *Shakur*, 164 F.R.D. at 361.  Plaintiffs' suit is exactly that—an action to recover damages against private actors.  In their withdrawn motion, Plaintiffs argue this factor "favor[s] sealing *because this is a suit between private parties*."[24]  The law is exactly to the contrary.  *See, e.g.*, *A.B. v. Hofstra Univ.*, No. 17-CV-5562, 2018 WL 1935986, at *3 (E.D.N.Y. Apr. 24, 2018) ("The fifth factor seems to weigh against Plaintiff as this is a suit between private parties.").

### 6. Defendants will be prejudiced if Plaintiffs are allowed to proceed anonymously, and that prejudice cannot be mitigated by the Court.

In fairly balancing the interests of both parties, courts consider "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court." *Sealed Plaintiff*, 537 F.3d at 190.  Evaluating this factor, "[c]ourts have expressed concern that maintaining a plaintiff's anonymity could 'unfairly impede defendant's ability to impeach the plaintiffs' credibility' through cross examination and introduction of personal evidence at trial." *Del Rio*, 241 F.R.D. at 159 (citation omitted). "Moreover, concealing the name of a party could deprive a litigant and the court of the chance that

---

[23] *See* Dkt. No. 5-7 at 3.
[24] Dkt. No. 5-, ¶ 23.

a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses. . . . Where the defendants' identities are known, but not the plaintiffs', information about only one side may thus come to light." *Id.* (citations omitted).

Here, Defendants will be prejudiced in exactly the ways described above. For one, Plaintiffs have elected to sue not only Syracuse University, but also individual administrators at the University (who, according to the Complaint, have been sued in their official *and* personal capacities). Individual defendants may be placed "at a serious disadvantage" if they are "required to defend [themselves] publicly while plaintiff[s] could make [their] accusations from behind a cloak of anonymity." *Shakur*, 164 F.R.D. at 361. And, as this Court has previously observed, the University itself would be irremediably prejudiced by Plaintiffs' anonymity, for "[i]n the event plaintiff prevails, his reputation will be cleared while the University's unlawful conduct remains public." *Doe v. Colgate Univ.*, No. 15-CV-1069, 2015 WL 5177736, at *2 (N.D.N.Y. Sept. 4, 2015). Indeed, it is precisely this even playing field—where both parties are to some extent disciplined by the public nature of litigation—that courts have protected absent the rarest of circumstances. Defendants should not have to suffer the prejudice of proceeding against unnamed Plaintiffs when those Plaintiffs cannot justify their anonymity.

Plaintiffs apparently do not dispute any of this, having failed to address this factor in their withdrawn motion. *See* Dkt. No. 5-7 at 3.

### 7.  Plaintiffs' identities have not thus far been kept confidential.

Another relevant consideration under *Sealed Plaintiff* is "whether the plaintiff's identity has thus far been kept confidential." 537 F.3d at 190. In *Andersen v. North Shore Long Island Jewish Healthcare System's Zucker Hillside Hospital*, the court applied this factor to deny a

plaintiff's motion to proceed pseudonymously because the plaintiff had begun the action under her real name and had made statements in open court indicating that she was the author of a pseudonymously published book.  No. 12-CV-1049, 2013 WL 784344, at *4 (E.D.N.Y. Mar. 1, 2013).

While Plaintiffs did not initiate this lawsuit in their own names, they cannot—and do not—plausibly allege that their identities are not already known throughout the Syracuse community and beyond.  Indeed, Plaintiffs complain that members of the public have already "'doxed' Chapter members present during or involved in the skits by publishing their names on University and social media outlets."[25]  As in *Anderson*, this factor weighs against anonymity here.

**8.  Public policy requires the Plaintiffs disclose their identities.**

There is a "significant interest in open judicial proceedings even in ordinary civil litigation between private parties."  *Del Rio*, 241 F.R.D. at 159.  As the *Del Rio* court explained:

> Private civil suits, individually and certainly in the aggregate, do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms.  Further, where individual defendants are sued based not on abstract challenges to public policies but rather with regard to particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication.

*Id.*  For these reasons, there is a "customary and constitutionally-embedded presumption of openness in judicial proceedings."  *Frank*, 951 F.2d at 323 (quotation marks omitted).  To vindicate this presumption, a key consideration in the *Sealed Plaintiff* analysis is "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity."  *Sealed Plaintiff*, 537 F.3d at 190.

---

[25] Dkt. No. 5-2 at 9

The circumstances of this case speak uniquely to the importance of open judicial proceedings and the public's interest in correctly-named plaintiffs.  Since the *Theta Tau* videos were posted online, Syracuse University students and administrators have been engaged in a thoughtful, collective conversation about the role of fraternities in modern university culture; the importance of building an inclusive and safe environment for all students; and the power of speech to harm and to alienate.  *See, e.g.*, Daniel Strauss, Kennedy Rose, & Shweta Karikehalli, *SU students reach to Theta Tau's suspension*, The Daily Orange (Apr. 20, 2018), http://dailyorange.com/2018/04/su-students-react-suspension-theta-tau/.  Plaintiffs' lawsuit is—unfortunately but unavoidably—now a part of that conversation.

Moreover, a key component of Plaintiffs' lawsuit is that the content of the *Theta Tau* videos was not harmful hate speech but rather a form of satirical and humorous expression, within the broad boundaries of acceptable university discourse, that "does not amount to unprotected speech as defined by the First Amendment."[26]  Notwithstanding that Defendants may strongly disagree with this position (or its relevance to many of the claims asserted), if it truly is Plaintiffs' view that that their conduct was objectively acceptable and constitutionally protected, there should be no impediment to them attaching their names to their convictions.

### 9.  The issues presented are not purely legal in nature.

When a lawsuit is "of [a] purely legal nature . . . there is an atypically weak public interest in knowing the litigants' identities."  *Sealed Plaintiff*, 537 F.3d at 190 (quotation marks omitted).  Thus, "where a lawsuit is brought solely against the government and seeks to raise an abstract question of law that affects many similarly situated individuals, the identities of the particular parties bringing the suit may be largely irrelevant to the public concern with the nature of the

---

[26] Dkt. 1, ¶ 76.

process." *Del Rio*, 241 F.R.D. at 158.  As an obvious example, "[t]he particular identity of Roe in *Roe v. Wade* ha[d] little bearing on the nature of the dispute or the merits of the case." *Id.*

Not so here.  This case concerns specific statements made by the Plaintiffs on video; the content of the University's disciplinary procedures; and various comments allegedly made about the content of the video by the individual Defendants.  Although Plaintiffs' claims may well fail as a matter of law, the nature of their allegations are far from purely legal, and Plaintiffs do not seek to vindicate an abstract legal principle.

### 10. There are alternative mechanisms for protecting the confidentiality of the Plaintiffs' student records.

The final factor identified in *Sealed Plaintiff* concerns "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."  537 F.3d at 190.  Although Plaintiffs have forfeited the confidentiality of their identities by filing this lawsuit, Defendants acknowledge the possibility that this litigation may involve the use and disclosure of materials that are subject to protection under the Family Educational Rights and Privacy Act ("FERPA").  Alternative mechanisms *do* exist, however, to protect the confidentiality of FERPA-protected materials, including routinely used protective orders or document redactions.  *See, e.g.*, *Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34, 35 (2d Cir. 2014) (affirming district court denial of motion to proceed anonymously, noting that "[r]edacted and sealed submissions are routinely used in cases involving sensitive medical information and this case may very well require some of these special measures"); *Doe v. United States*, No. 16-cv-7256, 2017 WL 2389701 (S.D.N.Y. June 1, 2017) (same).  The University itself has stringent procedures in place that protect its students' privacy, in light of FERPA and other applicable state and Federal laws.  Given these mechanisms that already protect Plaintiffs' confidential materials, Plaintiffs cannot

assert any special need to protect their identities just because this litigation may require disclosure of FERPA-protected materials.

* * * * *

"Requiring a plaintiff to place his or her name on the complaint serves the constitutional goal of enabling public monitoring of the courts: The press and public can hardly make an independent assessment of the facts underlying court cases, or even assess judicial impartiality or bias, without knowing who the litigants are." *Del Rio*, 241 F.R.D. at 157. Plaintiffs have presented no facts, evidence, or arguments that satisfy "the stringent requirements for proceeding in this action anonymously." *Doe v. Colgate Univ.*, 2015 WL 5177736, at *1. It is "the exceptional case in which a plaintiff may proceed under a fictitious name." *Frank*, 951 F.2d at 323. This is not that exceptional case.

## CONCLUSION

Defendants respectfully request that the Court issue an order requiring Plaintiffs to comply with Fed. R. Civ. P. 10 and Fed. R. Civ. P. 17(a) by filing an amended complaint with a corrected caption identifying themselves by name.

Respectfully submitted,

Dated: June 18, 2018

*s/John G. Powers*

By _____

JENNER & BLOCK LLP
David W. DeBruin, Esq. (*pro hac vice* imminent)
Ishan K. Bhabha, Esq. (*pro hac vice* imminent)
1099 New York Avenue, N.W.,
Suite 900
Washington, DC 20001-4412
(202) 639-6015
ddebruin@jenner.com

HANCOCK ESTABROOK, LLP
John G. Powers, Esq. (Bar Roll #: 508934)
Paul J. Tuck, Esq. (Bar Roll #: 520814)
AXA Tower I, Suite 1500
100 Madison Street
Syracuse, NY 13202
(315) 565-4500
jpowers@hancocklaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2018, I electronically filed the foregoing with the Clerk of

Court, to be served on all parties of record via the CM/ECF system.

By:     s/ *John G. Powers*_____
            John G. Powers

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and John doe #5,

<em>Plaintiffs</em>,

vs.

SYRACUSE UNIVERSITY, KENT SYVERUD, individually and as Chancellor of Syracuse University, PAMELA PETER, individually and as Assistant Dean of Student Rights and Affairs and the Director of the Office of Student Rights and Responsibilities, ROBERT HRADSKY, individually and as Syracuse University Dean of Students and Associate Vice President of the Student Experience, TERESA ABI-NADER DAHLBERG, individually and as the Dean of the College of Engineering and Computer Science,

<em>Defendants</em>.

Civil Action No.:
5:18-CV-496 (FJS/DEP)

<u>DECLARATION</u>

JOHN G. POWERS, pursuant to 28 U.S.C. § 1746, does hereby declare:

1.      I am counsel of record to Defendants in this matter.  I make this Declaration in support of Defendants' Motion for an order requiring Plaintiffs to comply with Fed. R. Civ. P. 10 and Fed. R. Civ. P. 17(a) by filing an amended complaint with a corrected caption identifying themselves by name.

2.      As referenced in the accompanying Memorandum of Law, the Complaint filed in this action is located at Dkt. Entry No. 1, which Defendants explicitly incorporate into their motion papers by reference.

{H3353176.1}

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: June 18, 2018

*s/John G. Powers*
_____
John G. Powers