

110 WEST FAYETTE STREET ▪ ONE LINCOLN CENTER ▪ SUITE 1000 ▪ SYRACUSE, NEW YORK 13202 ▪ PH: 315.422.1500 ▪ FX: 315.422.3549

February 20, 2025

**VIA CM/ECF**

Hon. Thérèse Wiley Dancks
United States District Court
Northern District of New York
100 S. Clinton Street
Syracuse, New York 13261

      RE:    Brandon Williams v. Syracuse University, et al.
                 Civil Action No. 5:23-cv-153 (FJS/TWD)

Dear Magistrate Judge Dancks:

This office represents Plaintiff, Brandon Williams, in the above-captioned matter. We write to respectfully request that certain previously filed exhibits be sealed pursuant to the Family Education Rights and Privacy Act (FERPA). Plaintiff's request relates to the following documents, which were filed by Defendants in support of their motion to dismiss:

1. Exhibit A-1 to the Declaration of John G. Powers (Doc. No. 21-2);
2. Exhibit B-1 to the Declaration of John G. Powers (Doc. No. 21-3);
3. Exhibit C-1 to the Declaration of John G. Powers (Doc. No. 21-4);
4. Exhibit D to the Declaration of John G. Powers (Doc. No. 21-5);
5. Exhibit E to the Declaration of John G. Powers (Doc. No. 21-6);
6. Exhibit F to the Declaration of John G. Powers (Doc. No. 21-8); and
7. Exhibit I to the Declaration of John G. Powers (Doc. No. 21-12).

Under FERPA, a university receiving federal funds generally may not disclose a student's "education records," subject to certain exceptions. *Doe v. Mass. Inst. Tech.,* 46 F.4th 61 (1st Cir. 2022), citing 20 U.S.C. § 1232g(a)(4)(A), (b)(1). The term "education records" is defined as "records, files, documents, and other materials which contain information directly related to a student . . . ." 20 USC § 1232g (a)(4)(A)(i). The exhibits filed by Defendants are educational records, maintained by Defendant Syracuse University, which are subject to protection from disclosure under FERPA. citing *Owasso Indep. Sch. Dist. No. I-011 v. Falvo,* 534 U.S. 426, 428, 122 S.Ct. 934, 151 L.Ed.2d 896 (2002).

While Defendants have previously asserted a position that Plaintiff has waived all rights under FERPA by filing this lawsuit under 34 C.F.R. § 99.31(a)(9)(iii)(B), that regulation does not provide

Case 5:23-cv-00153-FJS-TWD    Document 88    Filed 02/20/25    Page 2 of 2



Hon. Thérèse Wiley Dancks
February 20, 2025
Page 2

for the public disclosure of educational records. Rather, the regulation states, in its entirety, "If a parent or eligible student initiates legal action against an educational agency or institution, the educational agency or institution may disclose **to the court**, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself." 34 C.F.R. § 99.31(a)(9)(iii)(B) (emphasis added).

In a decision interpreting the scope of the regulation, the First Circuit stated that "[w]hen a student (or former student) files suit against a school and moves for pseudonymity, any implied consent is necessarily limited—especially where it is uncertain whether the student would continue prosecuting the action if pseudonymity were denied. And it is significant that the regulation permits disclosure solely 'to the court,' not to the world at large. The privacy concerns animating FERPA continue to have force notwithstanding the litigation, but they become subject to the needs of the judicial process." *Doe v. Mass. Inst.*, 46 F.4th at 75.

Moreover, the Final Rule for 34 C.F.R. § 99.31(a)(9)(iii)(B) (annexed hereto as Exhibit A) provides for the sealing of educational records used in litigation. The Analysis of Comments and Changes accompanying the rule states that "a parent or student who sues an educational agency or institution may petition the court to take measures to protect the student's privacy, such as sealing the court's records." 65 FR 41852, 41858; *see also Ragusa v. Union Free School Dist.,* 549 F.Supp.2d 288 (E.D.N.Y. 2008) ("In order to temper the privacy concerns raised under FERPA, all the requested education records sought here must be produced in redacted form and subject to a protective order, as outlined below").

We respectfully request that the Court grant Plaintiff his right to have certain previously filed records sealed, as contemplated under the Final Rule for 34 C.F.R. § 99.31(a)(9)(iii)(B).

Thank you for your time and attention to this matter.

Respectfully submitted,

BOUSQUET HOLSTEIN PLLC

*/s/Daniel J. Berkowitz*

Daniel J. Berkowitz
Phone: (315) 701-6356
Email: dberkowitz@bhlawpllc.com

DJB/KJ/ate

7353447.8