UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON WILLIAMS,<br><br>                             Plaintiff,<br><br>-v-<br><br>SYRACUSE UNIVERSITY, BOARD OF TRUSTEES OF SYRACUSE UNIVERSITY, ROBERT HRADSKY, KARA ZARNOWSKI, JOHN ROMANO, AND ILIKEA FUENTES, in their individual and official capacities,<br><br>                             Defendants. | Civil Action No. 5:23-cv-00153 (FJS/TWD) |

**PROTECTIVE ORDER REGARDING MATERIALS CONTAINING**
**CONFIDENTIAL INFORMATION**

**WHEREAS,** the parties to the above-captioned litigation (each a "party" and, collectively, "the parties") acknowledge and agree that discovery in this case may require the production or disclosure of information that is confidential, sensitive, proprietary, or protected by certain state or federal privacy laws (including health, personal, or educational information); and

**WHEREAS,** the parties further acknowledge that such information should be treated as confidential, safeguarded from disclosure outside of this litigation, handled with care if filed on the Court's public docket, and used solely for the purposes of prosecuting or defending this action and any related appeals; and

**NOW, THEREFORE,** in the interest of facilitating discovery, minimizing disputes over access to such information, and ensuring its proper protection, the parties jointly request that the Court enter the Protective Order set forth below to govern the disclosure, dissemination, and use of Confidential Information;

{H5297521.2}

**AND,** pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause to enter this Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

**IT IS HEREBY AGREED, STIPULATED, AND ORDERED:**

1. This Protective Order shall govern the handling of information produced or disclosed during the course of the litigation in this action, whether revealed in a document, deposition, other out-of-court and pre-trial testimony, discovery response, or otherwise (collectively, "Discovery Material"), when it is designated as "Confidential Information" as defined in this Protective Order.

2. <u>Designation of Materials as Containing Confidential Information.</u> Either party may designate Discovery Material produced in this litigation as "Confidential Information" as set forth below:

    a. <u>Designation Process</u>. The designation of Discovery Material as "CONFIDENTIAL" shall apply only to the confidential portions of the material and not to the entire document unless warranted. This designation shall be made by:

        i. Placing or affixing the word "CONFIDENTIAL" on the material, in a manner that does not interfere with its legibility; or

        ii. Including "CONFIDENTIAL" in the electronic file name of the material.

    b. <u>Automatic Designation</u>. Discovery Material containing the following sensitive information shall be automatically and presumptively treated as Confidential Information (regardless of whether marked as "CONFIDENTIAL" in Paragraph (2)(a)):

{H5297521.2}

    i. "Personal Identifiers" as the term is used in Rule 5.2 of the Federal Rules of Procedure and Local Rule 5.2(a) of the United States District Court for the Northern District of New York (*i.e.*, Social Security numbers, taxpayer-identification numbers, dates of birth, names of minor children, financial account numbers, and home addresses).

    ii. Other sensitive information as described in Local Rule 5.2(a) of the United States District Court for the Northern District of New York (*i.e.*, personal identifying numbers, medical records, treatment and diagnosis information, employment history, individual financial information, and proprietary or trade secret information).

    iii. Education records of Plaintiff and non-parties as defined under 20 U.S.C. § 1232g(a)(4)(A) and any additional documents or information otherwise protected from disclosure under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g *et seq.*, and/or the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d *et seq.*

    iv. Identifying information of current and former non-party students of Syracuse University (including, but not limited to, Jane Roe), such as their name, personal contact details, and likeness.

c. <u>Retroactive Designation</u>. A party may retroactively designate Discovery Material as "CONFIDENTIAL" by providing written notice to the other party. The receiving party may challenge this designation by demonstrating good cause.

d. <u>Limitation of Confidentiality</u>. The designation of Discovery Material as "CONFIDENTIAL" shall not mean the entirety of the material is confidential. Only

{H5297521.2}

the specifically identified portions containing confidential information shall be protected under this designation

3. <u>Disputes as to Designation of Confidential Information</u>. If a party or a non-party who produced documents or things or gave a deposition (either upon oral examination or written questions), concludes that Discovery Materials (or portions thereof) designated "CONFIDENTIAL" by any other party or non-party do not actually include Confidential Information and therefore do not warrant the protection claimed for them under this Order, the party or non-party may so notify all parties and any concerned non-party in writing and state the basis for its conclusion. Promptly after receipt of such notice, the attorneys for all concerned parties and non-parties shall confer in good faith in order to resolve the objection to the confidentiality designation. If the objection cannot be resolved within fifteen (15) days after service of the notice, then the party who designated the Discovery Materials as "CONFIDENTIAL" shall file a motion for an Order affirming the "CONFIDENTIAL" designation and provide the designated documents to chambers *via* e-mail or by the filing of such documents under seal. The objecting party shall file a response to the motion within seven (7) days, unless another deadline is set by the Court. The designated Discovery Materials shall continue to be treated as Confidential Information under this Stipulation until such time as the Court has ruled on the designating party's motion.

4. <u>Disclosure of Confidential Information.</u> Discovery Material that is designated as containing "Confidential Information" shall not be used, disclosed, or disseminated by the parties, counsel for the parties, or any persons identified in Paragraph 3(a) below for any purpose whatsoever other than preparing for and conducting the above-captioned litigation. Discovery Material may be disclosed only in the following circumstances:

{H5297521.2}

a. Disclosure may be made to:

i. The attorneys of record in this action and their employees or contractors who are assisting them in this action, such as investigators, litigation assistants, paralegals, and secretarial and other clerical personnel;

ii. Independent experts who have been retained by the party or its attorneys for this action, provided that each independent expert first executes an "Acknowledgement" attached as **Exhibit A**;

iii. The parties (including officers, directors, in-house attorneys, employees, student members, or advisors of the parties) who require the information to assist in or evaluate this action, provided that they are advised of the provisions of this Protective Order;

iv. The Court and persons associated with or employed by the Court whose duties require access to the information;

v. For documents that have been designated CONFIDENTIAL, the author of the document, any person identified as a recipient of the document on its face, or any person who actually received it;

vi. Any witness or deponent during the course of his, her, or its deposition in the action, and any witness or potential witness who any counsel of record believes in good faith should be shown Confidential Information in connection with the prosecution or defense of claims in the case provided that each such witness, potential witness, or deponent is advised of the provisions of this Protective Order;

vii. Any witness testifying at the trial of this matter;

    viii. The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition;

    ix. Litigation support services, including outside copying services and companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in this action, for whom a company representative has signed the "Acknowledgement" attached as **Exhibit A**; and

    x. Any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties, and the mediator or arbitrator's secretarial and clerical personnel.

5. <u>Use of Confidential Information.</u> The parties shall cooperate to ensure that no Confidential Information is inadvertently filed on the public docket. If a party seeks to file any pleading, motion, memorandum, appendix, exhibit, or any other judicial filing that contains or incorporates any Confidential Information that is *not* subject to the redactions permitted by Local Rule 5.2 of the United States District Court for the Northern District of New York, then the filing party shall file a placeholder of the document on the public docket, with a blank page that is marked appropriately (*e.g.*, as "Sealed Affidavit," "Sealed Exhibit Number ___," "Sealed Memorandum of Law," etc.). The filing party shall then provide the Confidential Information to chambers in accordance with the Court's Local Rules and General Order 22. The party that originally indicated the Discovery Material contained Confidential Information shall then file the appropriate application with the Court seeking to have those docket entries sealed or redacted in accordance with the Court's Local Rules and General Order 22.

{H5297521.2}

a. Notwithstanding the redactions permitted under Local Rule 5.2 of the United States District Court for the Northern District of New York, the parties recognize that this Protective Order does not, by itself, authorize the filing of any document under seal or in a redacted form with the Court. Notwithstanding any other provision of this Protective Order, documents and things may not be filed under seal or in a redacted form with the Court unless such is authorized by a separate Order by the Court upon an express finding that the documents or things, or portions thereof to be sealed or redacted, satisfy the requirements that are set forth in Second Circuit case law (*e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)), Local Rule 5.2, and General Order 22 of the United States District Court for the Northern District of New York.

b. Nothing in this section shall prohibit a party from introducing Confidential Information as evidence at trial so long as the information is deemed to be both relevant to the merits of the dispute and is otherwise admissible.

6. <u>Return of Designated Material at Conclusion of Litigation.</u> Within ninety (90) days of the conclusion of the litigation, the Receiving Party shall make a good faith effort to either return or confirm the destruction of all material treated as containing Confidential Information under this Order (and not received in evidence) to the Producing Party. Notwithstanding the provisions herein, counsel for the Receiving Party shall be entitled to retain their own court papers, deposition and trial transcripts, and marked exhibits only. All other Confidential Information, or documents containing or referencing such information, shall be destroyed or returned under this paragraph. Neither party may reference or make representations regarding the content or substance of any Confidential Information for purposes of any other lawsuit or future matter.

7. <u>Application of this Order.</u> The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

8. <u>Duration.</u> This Order shall remain in full force and effect until modified, superseded, or terminated by the consent of the parties or by Order of the Court, and shall survive termination of this action.

9. <u>The Court's Retention of Discretion</u>. The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

By: /s/ Kavitha Janardhan
**Kavitha Janardhan**
Bousquet Holstein PLLC

110 West Fayette Street | One Lincoln Center, Suite 1000 | Syracuse, New York 13202-1190

*Counsel for Plaintiff*

By: /s/ Mary L. D'Agostino
**Mary L. D'Agostino, Esq.**
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202

*Counsel for Defendants*

DATE: _____, 2025

**SO ORDERED:**

_____
Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge

{H5297521.2}

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I acknowledge that I have received, have read, and understand the Protective Order ("Order") in the above-captioned action. I am familiar with the provisions of the Order and agree to be bound by it. I agree not to copy or to use any Confidential Information for any purpose other than those necessary for me to perform my duties in connection with the instant action and I agree not to reveal any or all such Confidential Information to any person not authorized by this Order.

I further acknowledge and understand that for any violation of the provisions of said Order I am subject to the penalties of the Court and any and all penalties imposed upon me by law. I submit to the jurisdiction of the U.S. District Court for the Northern District of New York for the purpose of enforcement of the Order and waive any and all objections to jurisdiction and venue regarding the same.

| | |
|---|---|
| Date | Signature |
| | Print Name |
| | Occupation |

{H5297521.2}

Case 5:23-cv-00153-FJS-TWD   Document 89-1   Filed 02/24/25   Page 10 of 10