

110 WEST FAYETTE STREET ▪ ONE LINCOLN CENTER ▪ SUITE 1000 ▪ SYRACUSE, NEW YORK 13202 ▪ PH: 315.422.1500 ▪ FX: 315.422.3549

March 12, 2025

**VIA CM/ECF**

Hon. Thérèse Wiley Dancks
United States District Court
Northern District of New York
100 S. Clinton Street
Syracuse, New York 13261

RE:    Brandon Williams v. Syracuse University, et al.
           Civil Action No. 5:23-cv-153 (FJS/TWD)

Dear Magistrate Judge Dancks:

This office represents the Plaintiff, Brandon Williams, in the above-captioned matter. Pursuant to Paragraph 3 of the Court's Protective Order Regarding Materials Containing Confidential Information (Dkt. 90) ("Protective Order"), Plaintiff respectfully submits this Motion for an Order affirming the automatic "CONFIDENTIAL" designation given to the following documents:

1. Defendant Syracuse University's Student Conduct Board Decision: (previously filed by Defendants as Exhibit E to the Declaration of John G. Powers, Dkt. No. 21-6)

2. Plaintiff's Appeal of the Student Conduct Board Decision: (previously filed by Defendants as Exhibit F to the Declaration of John G. Powers, Dkt. No. 21-8)

3. Defendant Syracuse University's Appeal Board Decision: (previously filed by Defendants as Exhibit I to the Declaration of John G. Powers, Dkt. No. 21-12).[1]

The above documents are "education records" of Plaintiff protected from public disclosure under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. 1232g, *et. seq.*[2] The records are deemed automatically confidential under Paragraph 2. b. iii. of the Protective Order. With this designation, the records are currently protected against use or disclosure outside of this lawsuit. Dkt. 90 at ¶ 4.

---

[1] Copies of the above-listed documents are being filed under seal, pursuant to Paragraph 3 of the Protective Order.
[2] FERPA provides that federal funds are to be withheld from an institution that has "a policy or practice of permitting the release of education records…" The term "education records" is defined, under FERPA, as "records, files, documents, and other materials" containing information directly related to a student, which "are maintained by an educational agency or institution…." 20 U.S.C. 1232g(b)(1).



Hon. Thérèse Wiley Dancks
March 12, 2025
Page 2

On February 27, 2025, Defendants' counsel notified the undersigned of their objection to the "confidential" designation of the above-referenced documents. The parties conferred in good faith in an attempt to resolve Defendants' objection but were unable to reach an agreement. A copy of the email correspondence between Plaintiff's counsel and Defendants' counsel regarding this issue is being submitted with this Motion.

*Defendants Have Taken Inconsistent Positions Regarding the Confidentiality of These Documents*

Defendants' position regarding the confidentiality of Plaintiff's education records -- specifically, the records listed above – has inexplicably changed throughout the course of this lawsuit. By way of background, Defendants filed the above-listed records on April 28, 2023 as exhibits to their Motion to Dismiss. *See* Dkt. 21-1.  Shortly thereafter, on May 9, 2023, Defendants' counsel submitted a motion seeking to file the above documents in redacted form. *See* Dkt. 32. In support of the motion, Defendants' counsel stated the following:

> As set forth in Defendants' previous letter motion, redaction of these documents is warranted because the Family Educational Rights and Privacy Act, *see* 20 U.S.C. § 1232g(a)(4), generally protects students' privacy rights by limiting the transferability and disclosure of their records without their consent.

The Court recognized Plaintiff's right to privacy with regard to the above-listed documents, and granted Defendants' motion to file Plaintiff's records in redacted form, within its September 30, 2024 Memorandum Decision and Order. *See* Dkt. 60 at p. 37.

Despite Defendants' prior position that Plaintiff's education records, specifically, the above-listed records, are protected under FERPA, Defendants have recently taken the position that Plaintiff has "waived any of SU's FERPA-related obligations in the referenced documents by commencing this lawsuit under this own name against the University."  Defendants raised this position, for the first time, during the parties' negotiation of the Protective Order, and have since asserted this position multiple times in subsequent communications with Plaintiff and in filings with the Court. *See* Dkt. 91. In support of their newfound position, Defendants cite a FERPA regulation, 34 C.F.R. § 99.31(a)(9)(iii)(B).

As stated within Plaintiff's previous submissions to the Court on this same issue, the regulation relied upon by Defendants is intended for the limited purpose of allowing an institution "to defend itself" against a lawsuit brought by a student. As such, the regulation "permits disclosure solely 'to the court,' not to the world at large." (Dkt. 75 and Dkt. 78), citing *Doe v. Mass. Inst. Tech.,* 46 F.4th 61 (1st Cir. 2022).  This interpretation is consistent with the Final Regulations issued by the Department of Education, which contemplates that a party "may petition the court to take measures to protect the student's privacy, such as sealing the court's records." 65 FR 41852, 41858 (July 6, 2000).



Hon. Thérèse Wiley Dancks
March 12, 2025
Page 3

Moreover, the fact that Plaintiff has not filed this case under a pseudonym has no effect on Defendant Syracuse University's obligations under FERPA. Indeed, in prior cases filed by former students, Syracuse University has argued that its "stringent procedures" would remain in place to protect the confidentiality of the plaintiffs' FERPA-protected materials, regardless of whether the plaintiffs proceeded under a pseudonym or their own names. As stated by Defendants' counsel, John Powers, Esq., in *John Doe v. Syracuse University,* 2018 WL 7079489, 5:18-CV-0496 (N.D.N.Y. 2018):

> "Alternative mechanisms *do* exist, however, to protect the confidentiality of FERPA-protected materials, including routinely used protective orders or document redactions. The University itself has stringent procedures in place that protect its students' privacy, in light of FERPA and other applicable state and Federal laws. Given these mechanisms that already protect Plaintiff's confidential materials, Plaintiffs cannot assert any special need to protect their identities just because this litigation may require disclosure of FERPA-protected materials." *John Doe v. Syracuse University,* 5:18-CV-0496, at Dkt 19-1 at 15. (internal citations omitted). *See* Dkt. 78-2.

Defendants have offered no explanation as to why Syracuse University's "stringent procedures," which were available to the plaintiffs in *Doe*, should not be similarly available to Plaintiff in this lawsuit.

Removing the confidentiality designation from Plaintiff's education records would allow <u>any party</u> to this action – including Defendant Syracuse University and all the individual defendants – to disclose Plaintiff's FERPA-protected records to parties outside of this lawsuit and to use the records for purposes other than their defense. Dkt. 90 at ¶ 4. Such a result (i.e., disclosure "to the world at large") is inconsistent with the policy of FERPA. It is also inconsistent with Defendant Syracuse University's prior position on this very issue (and regarding these very same documents).

*The Court Has Already Reviewed this Issue*

Additionally, and importantly, we note that this Court has already reached a determination regarding the confidentiality of Plaintiff's education records. Following the parties' prior letter submissions to the Court regarding the confidentiality of Plaintiff's education records (*see* Dkt. 75 and 78), the Court determined that Plaintiff's request for a provision to automatically design his student records as "confidential" within the Protective Order was appropriate. (Dkt. 84.) The parties then submitted a stipulated protective order, which was entered by the Court on February 25, 2025. Under Paragraph 2. b. iii. of the Protective Order, Plaintiff's education records, including the documents listed above, are automatically deemed "confidential," and are thereby protected from disclosure outside of this lawsuit.



Hon. Thérèse Wiley Dancks
March 12, 2025
Page 4

*The Records Contain Information Relating to Plaintiff's Medical Conditions*

Finally, we note that Plaintiff's appeal of the conduct board decision, found at Dkt. No. 21-8, contains information relating to Plaintiff's medical condition, which is subject to protection under the Health Insurance Portability and Accountability Act (HIPAA). For this additional, separate reason, this record is automatically deemed as "confidential" under Paragraph 2.b.iii of the Protective Order and must remain confidential in order to protect Plaintiff's privacy interests.

Thank you for your time and attention to this matter.


Respectfully submitted,

BOUSQUET HOLSTEIN PLLC

*/s/Kavitha Janardhan*

Kavitha Janardhan
Phone: (315) 701-6468
Email: kjanardhan@bhlawpllc.com

KJ/DJB/ate

Enclosures

cc:  All counsel via CM/ECF

7416828.1

| | |
|---|---|
| **From:** | Mary L. D'Agostino |
| **To:** | Janardhan, Kavitha; Berkowitz, Daniel J; Valentino, John L. |
| **Cc:** | John G. Powers; Gabriela C. Groman |
| **Subject:** | RE: Activity in Case 5:23-cv-00153-FJS-TWD Williams v. Syracuse University: Notice of Confidentiality Challenge [BH-LEGAL.FID653787] |
| **Date:** | Wednesday, March 5, 2025 4:08:35 PM |

While I thought I made it clear, I must reiterate, again, that the University does not use *any* records (FERPA-protected or otherwise) outside of lawsuits.

**Mary L. D'Agostino, Esq.**
**Hancock Estabrook, LLP**

1800 AXA Tower I
100 Madison Street | Syracuse, New York 13202
Phone: 315.565.4550 | Fax: 315.565.4650
Email: mdagostino@hancocklaw.com | www.hancocklaw.com



NOTICE: The content of this email is confidential and may include privileged information. If you are not the intended recipient, you may not copy, use, disclose or share it with any third party without the consent of the sender. If you received this email in error, please notify the sender by reply email and delete the original message.

**From:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>
**Sent:** Wednesday, March 5, 2025 4:04 PM
**To:** Mary L. D'Agostino <mdagostino@hancocklaw.com>; Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>; Valentino, John L. <jvalentino@bhlawpllc.com>
**Cc:** John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** RE: Activity in Case 5:23-cv-00153-FJS-TWD Williams v. Syracuse University: Notice of Confidentiality Challenge [BH-LEGAL.FID653787]

Mary,

I have no intention of misrepresenting the University's position and will attach this email exchange to any motions that we file with the Court. Also, just so that we're clear, our position is that – subject to limited disclosures to the court -- SU has a continuing obligation to prevent the disclosure of *all* students' records, including our client's. Your position that our client's records are somehow entitled to less protection from disclosure outside this lawsuit than any other students is, in our opinion, inconsistent with its obligations under FERPA.

Our communications on this issue have been extensive (and contentious!) as I think we both feel strongly about our respective positions. If you feel it would be more productive, I am always open to a phone call to further discuss. Please feel free to give me a call at your convenience.

Thanks,
Kavitha

**Kavitha Janardhan**
**Bousquet Holstein PLLC**

110 West Fayette Street | One Lincoln Center, Suite 1000 | Syracuse, New York 13202-1190
Tel: 315.701.6468 | Fax: 315.422.3549 | Email: **KJanardhan@BHlawPLLC.com** |
www.BHlawPLLC.com



---

**From:** Mary L. D'Agostino <mdagostino@hancocklaw.com>
**Sent:** Wednesday, March 5, 2025 3:46 PM
**To:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>; Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>; Valentino, John L. <jvalentino@bhlawpllc.com>
**Cc:** John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** RE: Activity in Case 5:23-cv-00153-FJS-TWD Williams v. Syracuse University: Notice of Confidentiality Challenge [BH-LEGAL.FID653787]

Kavitha,

If you believe you have exhausted efforts to meet and confer in good faith, you are within your rights under the Protective Order to proceed with motion practice and we'll respond in due course. However, I must insist that you accurately represent the University's position in your filings and communications.

First, as I have already made clear, the University has no intention whatsoever of using any information—FERPA-protected or otherwise—outside the scope of this lawsuit. To my knowledge, the University has never done so in the past, and there is absolutely no basis to suggest it would do so now.

Second, the University's challenge to the automatic Confidentiality Designation is limited *strictly to* Plaintiff—***not any non-party student***. The parties have already agreed that non-party student information is subject to the automatic confidentiality designation. The University has not, and will not, engage in any action that would risk the widespread disclosure of non-party student records. Your suggestion that the University's position is somehow inconsistent with FERPA or would jeopardize its federal funding is a meritless distraction.

The University's position has remained consistent: Plaintiff voluntarily initiated this lawsuit, placing aspects of ***his*** educational records into the public sphere, and the University has the right to fairly litigate its defense without undue restriction. We will continue to challenge any automatic confidentiality designation we believe to be unwarranted or legally unsupported.

**Mary L. D'Agostino, Esq.**
**Hancock Estabrook, LLP**

1800 AXA Tower I
100 Madison Street | Syracuse, New York 13202
Phone: 315.565.4550 | Fax: 315.565.4650
Email: mdagostino@hancocklaw.com | www.hancocklaw.com



NOTICE: The content of this email is confidential and may include privileged information. If you are not the intended recipient, you may not copy, use, disclose or share it with any third party without the consent of the sender. If you received this email in error, please notify the sender by reply email and delete the original message.

**From:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>
**Sent:** Wednesday, March 5, 2025 2:27 PM
**To:** Mary L. D'Agostino <mdagostino@hancocklaw.com>; Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>; Valentino, John L. <jvalentino@bhlawpllc.com>
**Cc:** John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** RE: Activity in Case 5:23-cv-00153-FJS-TWD Williams v. Syracuse University: Notice of Confidentiality Challenge [BH-LEGAL.FID653787]

Mary,

If you believe that SU has the right to disclose Plaintiff's education records on the public docket, you can oppose our motion to seal the records, as you have already done. But your objection to the confidentiality designation raises a separate concern, as the protective order prevents disclosure or use of confidential information, such as Plaintiff's education records, for purposes <u>outside of what is necessary to conduct the litigation</u>. Subject to a limited exception which permits disclosure to the Court, SU has a continuing obligation to prevent the disclosure of Plaintiff's education records. Even if we agreed that the regulation allows for the filing of these documents on the public docket (which we do not), Plaintiff's education records would still require protection from disclosure outside of this lawsuit.

We are frankly surprised that SU is taking a position that risks the widespread disclosure of *any* student's records. Doesn't this position raise a concern for the University over its FERPA compliance and related federal funding?

I think we have exhausted our discussions regarding this issue. Since it appears that we cannot resolve your objection, we will file a motion for an order affirming the designation.

Thanks,
Kavitha

**Kavitha Janardhan**
**BOUSQUET HOLSTEIN PLLC**

110 West Fayette Street | One Lincoln Center, Suite 1000 | Syracuse, New York 13202-1190
Tel: 315.701.6468 | Fax: 315.422.3549 | Email: **KJanardhan@BHLawPLLC.com** |
www.BHLawPLLC.com



**From:** Mary L. D'Agostino <mdagostino@hancocklaw.com>
**Sent:** Tuesday, March 4, 2025 9:54 AM
**To:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>; Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>; Valentino, John L. <jvalentino@bhlawpllc.com>
**Cc:** John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** RE: Activity in Case 5:23-cv-00153-FJS-TWD Williams v. Syracuse University: Notice of Confidentiality Challenge [BH-LEGAL.FID653787]

I'm frankly not sure where the disconnect here is here.

Our position has been outlined in multiple submissions both to you and the Court. The Court held that confidentiality automatically applies to FERPA-records, but expressly directed the parties to contemplate "any potential disputes on the designation of confidential materials in the event a party disagrees with another party's designation under the protective order." We're invoking that mechanism because Mr. Williams waived the designation in records that are relevant to the University's defense.

Your office apparently believes that means that the relevant FERPA records can only be submitted "to the court" on an in camera basis. We believe the waiver permits submission "to the court" on the public docket.

Mary L. D'Agostino, Esq.
**Hancock Estabrook, LLP**

1800 AXA Tower I
100 Madison Street | Syracuse, New York 13202
Phone: 315.565.4550 | Fax: 315.565.4650
Email: mdagostino@hancocklaw.com | www.hancocklaw.com



---

NOTICE: The content of this email is confidential and may include privileged information. If you are not the intended recipient, you may not copy, use, disclose or share it with any third party without the consent of the sender. If you received this email in error, please notify the sender by

reply email and delete the original message.

**From:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>
**Sent:** Tuesday, March 4, 2025 9:47 AM
**To:** Mary L. D'Agostino <mdagostino@hancocklaw.com>; Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>; Valentino, John L. <jvalentino@bhlawpllc.com>
**Cc:** John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** RE: Activity in Case 5:23-cv-00153-FJS-TWD Williams v. Syracuse University: Notice of Confidentiality Challenge [BH-LEGAL.FID653787]

Mary,

Do you have legal authority for your position that Plaintiff waived "any" FERPA rights by filing this lawsuit?   The regulation that you previously cited provides only a very limited exception to the requirement that a university obtain consent prior to a disclosure of education records.  The regulation limits such disclosure "to the court" and only for the purpose of the institution defending itself.  You previously cited Plaintiff's FERPA rights as the basis for seeking redaction of these same documents, so its unclear why you are now claiming that he waived those same rights.

We have already exchanged a series of emails on this issue and have submitted our positions to the Court, which ruled that our client's education records should be subject to a confidentiality designation. We will review any additional legal authority you would like to provide to explain the change in your position, but based on what you have provided so far, we are not going to agree to the removal of the confidential designation from these documents.

Thanks,
Kavitha


**Kavitha Janardhan**
**Bousquet Holstein PLLC**

110 West Fayette Street | One Lincoln Center, Suite 1000 | Syracuse, New York 13202-1190
Tel: 315.701.6468 | Fax: 315.422.3549 | Email: **KJanardhan@BHlawPLLC.com** |
**www.BHlawPLLC.com**



**From:** Mary L. D'Agostino <mdagostino@hancocklaw.com>
**Sent:** Monday, March 3, 2025 12:13 PM
**To:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>; Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>; Valentino, John L. <jvalentino@bhlawpllc.com>
**Cc:** John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** RE: Activity in Case 5:23-cv-00153-FJS-TWD Williams v. Syracuse University: Notice of Confidentiality Challenge [BH-LEGAL.FID653787]

Kavitha,

Mr. Williams waived any of SU's FERPA-related obligations in the referenced documents by commencing this lawsuit in his own name against the University. We do not intend to use the documents outside this litigation, but do intend to disclose the documents to the Court on the public docket as they are material to the University's defense.

**Mary L. D'Agostino, Esq.**
**Hancock Estabrook, LLP-**

1800 AXA Tower I
100 Madison Street | Syracuse, New York 13202
Phone: 315.565.4550 | Fax: 315.565.4650
Email: mdagostino@hancocklaw.com | www.hancocklaw.com



NOTICE:  The content of this email is confidential and may include privileged information. If you are not the intended recipient, you may not copy, use, disclose or share it with any third party without the consent of the sender.  If you received this email in error, please notify the sender by reply email and delete the original message.

**From:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>
**Sent:** Monday, March 3, 2025 10:45 AM
**To:** Mary L. D'Agostino <mdagostino@hancocklaw.com>; Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>; Valentino, John L. <jvalentino@bhlawpllc.com>
**Cc:** John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** RE: Activity in Case 5:23-cv-00153-FJS-TWD Williams v. Syracuse University: Notice of Confidentiality Challenge [BH-LEGAL.FID653787]

Mary,

Can you please explain why Defendants are challenging the automatic designation?  Does SU intend to disclose Plaintiff's records to parties other than those listed in Paragraph 4 of the protective order or use the records for a purpose other than conducting the litigation? SU has an obligation under FERPA to prevent such disclosure regardless of whether the documents are designated confidential, so I'm curious as to why SU is taking this position.

**Kavitha Janardhan**
**Bousquet Holstein PLLC**

110 West Fayette Street | One Lincoln Center, Suite 1000 | Syracuse, New York 13202-1190
Tel: 315.701.6468 | Fax: 315.422.3549 | Email: **KJanardhan@BHlawPLLC.com** |
**www.BHlawPLLC.com**



**From:** Mary L. D'Agostino <mdagostino@hancocklaw.com>
**Sent:** Thursday, February 27, 2025 12:36 PM
**To:** Janardhan, Kavitha <kjanardhan@bhlawpllc.com>; Berkowitz, Daniel J <dberkowitz@bhlawpllc.com>; Valentino, John L. <jvalentino@bhlawpllc.com>
**Cc:** John G. Powers <jpowers@hancocklaw.com>; Gabriela C. Groman <ggroman@hancocklaw.com>
**Subject:** FW: Activity in Case 5:23-cv-00153-FJS-TWD Williams v. Syracuse University: Notice of Confidentiality Challenge

Good afternoon, Kavitha,

To avoid any doubt between the parties, please consider this email formal notice that Defendants are challenging the automatic confidentiality designation of the following education records for the reasons set forth in Defendants' letter brief from last evening:

- The University's Student Conduct Board's decision (Dkt. No. 21-6 publicly available at Dkt. No. 32-1);
- Plaintiff's appeal of the Student Conduct Board's decision (Dkt. No. 21-8 publicly available at Dkt. No. 32-2); and
- The University's Appeals Board decision (Dkt. No. 21-12 publicly available at Dkt. No. 32-3).

We are not providing notice regarding the BWC footage and cell phone recording because we do not believe they constitute education records subject to FERPA—also for the reasons set forth in Defendants' letter brief. With the exception of the likenesses and identifying details of non-party students, we will not be treating those materials as having been deemed confidential.

Please let us know if/when you would like to discuss further.

**Mary L. D'Agostino, Esq.**
**Hancock Estabrook, LLP**

1800 AXA Tower I
100 Madison Street | Syracuse, New York 13202
Phone: 315.565.4550 | Fax: 315.565.4650
Email: mdagostino@hancocklaw.com | www.hancocklaw.com



---

NOTICE:  The content of this email is confidential and may include privileged information. If you are not the intended recipient, you may not copy, use, disclose or share it with any third party without the consent of the sender.  If you received this email in error, please notify the sender by reply email and delete the original message.

---

**From:** ecf.notification@nynd.uscourts.gov <ecf.notification@nynd.uscourts.gov>
**Sent:** Wednesday, February 26, 2025 10:45 PM
**To:** NYND_ECFQC@nynd.uscourts.gov
**Subject:** Activity in Case 5:23-cv-00153-FJS-TWD Williams v. Syracuse University et al Response in Opposition to Motion

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.8 (Revision 1.8.2)]

### Notice of Electronic Filing

The following transaction was entered by D'Agostino, Mary on 2/26/2025 at 10:44 PM EST and filed on 2/26/2025

**Case Name:** Williams v. Syracuse University et al
**Case Number:** 5:23-cv-00153-FJS-TWD
**Filer:** Syracuse University
Board of Trustees of Syracuse University
Robert Hradsky
Kara Zarnowski
John Romano
Ilikea Fuentes
**Document Number:** 91

**Docket Text:**
**RESPONSE in Opposition re [88] Letter Request/Motion** *to seal documents submitted in support of Defendants' prior dispositive motion* **filed by Syracuse University, Board of Trustees of Syracuse University, Robert Hradsky, Kara**

**Zarnowski, John Romano, Ilikea Fuentes. (D'Agostino, Mary)**

**5:23-cv-00153-FJS-TWD Notice has been electronically mailed to:**

Daniel J. Berkowitz legal@djbpolitical.com, litadmins@bhlawpllc.com, litparalegals@bhlawpllc.com

Gabriela C. Groman ggroman@hancocklaw.com, calliger@hancocklaw.com, ecerio@hancocklaw.com

John G. Powers jpowers@hancocklaw.com, ecerio@hancocklaw.com, mdagostino@hancocklaw.com, swisniewski@hancocklaw.com

John L. Valentino jvalentino@bhlawpllc.com, bherb@bhlawpllc.com, litadmins@bhlawpllc.com, litparalegals@bhlawpllc.com

Kavitha Janardhan kjanardhan@bhlawpllc.com, litadmins@bhlawpllc.com, litparalegals@bhlawpllc.com

Mary L. D'Agostino MDAgostino@hancocklaw.com, dagostml@gmail.com, ecerio@hancocklaw.com, swisniewski@hancocklaw.com

Terence P. O'Connor toconnor@oobf.com, knickerbocker@oobf.com, leroy@oobf.com, mmoak@oobf.com, moak@oobf.com

**5:23-cv-00153-FJS-TWD Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051896954 [Date=2/26/2025] [FileNumber=6362120-0
] [4b6f71d77c12236f1f82db2f2a00b3f257996badbb4e18b494a765f260ddf72dc39
4cba3dc7bcd0ce7900758211f9cc20e9de75e8574a46c3b15d5857dff3ff1]]

# DOCUMENTS REQUESTED TO BE FILED UNDER SEAL

(Doc 21-06)
(Doc 21-08)
(Doc 21-12)