UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRANDON WILLIAMS,

                                Plaintiff,

v.                                                             5:23-cv-00153 (FJS/TWD)

SYRACUSE UNIVERSITY, et al.,

                                Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

BOUSQUET HOLSTEIN, PLLC            KAVITHA JANARDHAN, ESQ.
Counsel for Plaintiff                          DANIEL BERKOWITZ, ESQ.
                                                       GREGORY D. ERIKSON, ESQ.

HANCOCK ESTABROOK, LLP              JOHN G. POWERS, ESQ.
Counsel for Defendants                        MARY L. D'AGOSTINO, ESQ.

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER

      Presently before the Court in this action brought pursuant to 42 U.S.C. § 1983, among other claims, are Plaintiff's letter motions regarding the confidentiality of certain records previously filed and whether those records should be sealed on the Court's Docket, and whether some of the documents at issue should be designated confidential under the Court's Protective Order issued in this case. Dkt. Nos. 88 and 93; *see also* Dkt. No. 90. Defendants oppose the letter motions. Dkt. Nos. 91 and 96. The Court held an on the record conference call on March

1

25, 2025, to discuss the letter motions. Text Minute Entry 3/25/2025. The Court also considered the conference as a pre-motion conference pursuant to Local Rule 7.1 to discuss Plaintiff's request for permission to file a Third Amended Complaint. *See* Dkt. No. 95. At the conference, the Court issued bench rulings denying the letter motions, Dkt. Nos. 88 and 93, and made additional directives. In the bench rulings, the Court provided further detail regarding its reasoning and addressing the specific issues raised by the parties in the letter motions. Regarding the ruling as to Dkt. No. 93, the Court adds that because the subject documents at Dkt. Nos. 21-6, 21-8, and 21-12 have been on the public docket since April 28, 2023, a designation of "confidential" under the Court's Protective Order, Dkt. No. 90, is improper.

Accordingly, after due deliberation, and based upon the Court's oral bench rulings, which have been transcribed, and those relevant parts of the conference transcript are attached to this Order and are incorporated in their entirety by reference herein, it is hereby,

**ORDERED** that the letter motions, Dkt. Nos. 88 and 93, are **DENIED**; and it is further

**ORDERED** that the parties shall confer in good faith and Plaintiff shall submit a stipulation which addresses the matters raised in Dkt. No. 93 in the manner discussed at the conference by 3/28/2025; and it is further

**ORDERED** that the Plaintiff shall submit a proposed clean copy of the Third Amended Complaint which comports with the parties' agreement as discussed at the conference, along with a stipulation signifying their agreement to the filing of the Third Amended Complaint, by 3/28/2025; and it is further

**ORDERED** that the parties shall always confer in good faith which shall include speaking to each other in person, by teleconference, or by video conference prior to submitting

any further discovery disputes or other non-dispositive matters to the Court.

Dated: March 26, 2025
      Syracuse, New York

                                              Thérèse Wiley Dancks
                                              United States Magistrate Judge

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRANDON WILLIAMS,
                                         Plaintiff,

-v-                                      5:23-CV-153

SYRACUSE UNIVERSITY, et al.,

                                         Defendants.
------------------------------------------------------------x
```

**TRANSCRIPT EXCERPT**
**BEFORE THE HONORABLE THERESE WILEY DANCKS**
March 25, 2025
100 South Clinton Street, Syracuse, NY 13261


For the Plaintiff:

    BOUSQUET HOLSTEIN, PLLC
    110 West Fayette Street
    One Lincoln Center - Suite 1000
    Syracuse, New York 13202
    BY: **KAVITHA JANARDHAN, ESQ.**
        **DANIEL J. BERKOWITZ, ESQ.**
        **GREGORY D. ERIKSEN, ESQ.**

For the Defendants:

    HANCOCK ESTABROOK, LLP
    1500 AXA Tower 1
    100 Madison Street
    Syracuse, New York 13202
    BY: **JOHN G. POWERS, ESQ.**
        **MARY D'AGOSTINO, ESQ.**


*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

```
 1              (The following is an excerpt from a telephone
 2   conference held 3/25/25.)
 3              (The Court and all parties present by telephone.
 4   Time noted:  10:32 a.m.)
 5              THE COURT:  Okay.  Here's what I'm going to do on
 6   this one.  And to be clear, this will be -- this part of the
 7   transcript will be attached to my order.
 8              I am denying plaintiff's motion at Docket No. 88.
 9   And the reason I am denying it is because these documents have
10   been in the public domain for two years now without any attempt
11   to shield them.  And I understand that plaintiff says they
12   thought they were sealed, but very clearly, they've been there
13   since April of 2023.  And that, to me, is a waiver.  You know, a
14   two-year delay in seeking a sealing of these documents is a
15   waiver.  You know, once that info -- once the documents and that
16   information that's supposed to be confidential is publicly
17   disclosed, it necessarily remains public.  And so, you know,
18   that's one reason.  You know, I think there's been a waiver here
19   in the two-year delay.  And these documents have, as I said,
20   been on the docket for two years with no attempt to shield them.
21              I'm not even reaching the issue, to be clear, of the
22   argument about the FERPA protection doesn't fly when it's
23   relevant to defendants' defenses, but the other reasons that
24   I'm -- in addition to the waiver, because so much time went by
25   and these documents have been on the docket unsealed for almost
```

BRANDON WILLIAMS v. SYRACUSE UNIVERSITY, et al.    3

```
 1  two years, the two other reasons are I really -- the motion in
 2  Docket No. 88, the letter motion, did not address the issues
 3  that have to be addressed under Lugosch and they're not
 4  addressed here.  And so that's another reason why I am denying
 5  the request.
 6          And the last reason is because several of the
 7  documents, specifically 21-2, 21-3, 21-4, and 21-5, which are
 8  body worn camera footage of the university police and the cell
 9  phone recording, those are not education records.  You know, so
10  that's another reason why I'm not ordering the sealing of those
11  documents.
12          But as far as the conduct board decision and the
13  appeal and the appeal decision, you know, the other reason is
14  it's just been too long and I haven't seen any argument on the
15  Lugosch factors to support the sealing of them.
16          To be clear, though, you know, this doesn't mean that
17  any other educational records of the plaintiff that defendant
18  wants to put out there can't be automatically deemed
19  confidential or can be automatically put on the docket unsealed,
20  so I just want to be clear about that in my ruling.  So it
21  doesn't mean they can automatically be filed under seal, too, to
22  be clear.  So I hope I'm being clear there.
23          You know, my ruling at this point pertains to the
24  items sought to be sealed in Docket No. 88, and so I am denying
25  that letter motion for those reasons.
```

1    All right.  So that's the end of what will be
2  attached to my order on this piece of the issues that we're
3  going to talk about today.
4          (Time noted:  10:36 a.m.)

## CERTIFICATE OF OFFICIAL REPORTER

I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR, Official U.S. Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 25th day of March, 2025.

s/ Hannah F. Cavanaugh
HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR
Official U.S. Court Reporter

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRANDON WILLIAMS,
                                        Plaintiff,

-v-                                     5:23-CV-153

SYRACUSE UNIVERSITY, et al.,

                                        Defendants.
------------------------------------------------------------x
```

**TRANSCRIPT EXCERPT**
**BEFORE THE HONORABLE THERESE WILEY DANCKS**
March 25, 2025
100 South Clinton Street, Syracuse, NY 13261


For the Plaintiff:

    BOUSQUET HOLSTEIN, PLLC
    110 West Fayette Street
    One Lincoln Center - Suite 1000
    Syracuse, New York 13202
    BY: **KAVITHA JANARDHAN, ESQ.**
        **DANIEL J. BERKOWITZ, ESQ.**
        **GREGORY D. ERIKSEN, ESQ.**

For the Defendants:

    HANCOCK ESTABROOK, LLP
    1500 AXA Tower 1
    100 Madison Street
    Syracuse, New York 13202
    BY: **JOHN G. POWERS, ESQ.**
        **MARY D'AGOSTINO, ESQ.**


*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

```
 1              (The following is an excerpt from a telephone
 2    conference held 3/25/25.)
 3              (The Court and all parties present by telephone.
 4    Time noted:  10:43 a.m.)
 5              THE COURT:  So I will make a ruling right now that I
 6    will also attach to my order, so this part of the transcript
 7    will be transcribed -- as part of the hearing will be
 8    transcribed and attached to my order.
 9              So what I'm directing the parties to do -- so
10    essentially, I am denying Docket No. 93 as far as having the
11    three documents, and those being 21-6, 21-8, and 21-12, labeled
12    as confidential under the Court's protective order, but the
13    parties are directed to put together a stipulation that
14    indicates that all parties will not publish any of these
15    documents beyond what's already on the docket.
16              So I'm probably not stating that as artfully as I
17    know you will once you put it together, but that's what I want
18    you to do, get a stipulation together and get it to the Court by
19    the end of the week on March 28th.
20              All right.  Can you do that, Ms. Janardhan?  Is that
21    enough time?
22              MS. JANARDHAN:  Yes, we can do that.
23              THE COURT:  All right.
24              MS. JANARDHAN:  Can I --
25              THE COURT:  And, Mr. Powers -- hold on a second.
```

BRANDON WILLIAMS v. SYRACUSE UNIVERSITY, et al.                3

```
 1              Mr. Powers, is that enough time for you?
 2         MR. POWERS:  Yes, your Honor.
 3         THE COURT:  All right.  And who's going to take the
 4   laboring of putting this stip together?  I think it should
 5   probably be you, Ms. Janardhan.
 6         MS. JANARDHAN:  That would be fine, of course.
 7         THE COURT:  Okay.  All right.  So that is my ruling
 8   on that, and that will end what part of the transcript gets
 9   attached to my order.
10         (Time noted:  10:45 a.m.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE OF OFFICIAL REPORTER

I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR, Official U.S. Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 25th day of March, 2025.

s/ Hannah F. Cavanaugh

HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR
Official U.S. Court Reporter