

110 WEST FAYETTE STREET • ONE LINCOLN CENTER • SUITE 1000 • SYRACUSE, NEW YORK 13202 • PH: 315.422.1500 • FX: 315.422.3549

October 27, 2025

**VIA CM/ECF**

Hon. Thérèse Wiley Dancks
United States District Court
Northern District of New York
100 S. Clinton Street
Syracuse, New York 13261

   RE: Brandon Williams v. Syracuse University, et al.
      Civil Action No. 5:23-cv-153 (FJS/TWD)

Dear Magistrate Judge Dancks:

This office represents the Plaintiff, Brandon Williams, in the above-captioned matter. Following the parties' agreement to settle this case, we write to respectfully renew Plaintiff's prior motions to seal the following documents:

1. Student Conduct Board Records relating to disciplinary proceedings brought against Plaintiff by Defendant Syracuse University ("the Filed Conduct Board Documents") found at Dkt. Nos. 21-6, 21-8, and 21-10; and

2. Documents relating to the disposition of criminal charges brought against Plaintiff (the "Criminal Records") found at Dkt. Nos. 21-11 and 21-12.

By filing this renewed motion, Plaintiff seeks to prevent the public dissemination of the above documents. As an alternative to sealing the above-listed documents, Plaintiff respectfully requests that the Court order that the Criminal Records, which are currently accessible in unredacted form, be redacted to exclude Plaintiff's name, and that the Filed Conduct Board Documents continue to be maintained on the docket in redacted form, under Dkts. 32-1, 32-2, and 32-3, with access to 21-6, 21-7, and 21-8 restricted.

## PROCEDURAL HISTORY

### The Criminal Records (Dkt. Nos. 21-10 and 21-11)

Docket Nos. 21-10 and 21-11 are copies of Plaintiff's plea colloquy and Certificate of Disposition. The documents were filed on April 28, 2023 by Defendants as exhibits to their motion to dismiss -- specifically, in relation to Plaintiff's First and Eighth Causes of Action for false arrest and false imprisonment, both of which were voluntarily dismissed by Plaintiff while the motion was



Hon. Thérèse Wiley Dancks
October 27, 2025
Page 2

pending.  Plaintiff subsequently filed a motion to seal these records on May 8, 2023 (*see* Dkt. 32), which was denied by the Court within its September 30, 2024 Decision and Order on Plaintiff's motion to seal and Defendants' motion to dismiss.  *See* Dkt. 60.

The Criminal Records remain on the docket in unredacted form, under Dkt. Nos. 21-10 and 21-11. Pursuant to Section 160.55 of the New York Criminal Procedure Law, the remainder of the criminal file relating to Plaintiff's February 8, 2022 arrest is maintained under seal by the Syracuse City Court.

### *Filed Conduct Board Documents (Dkt. Nos. 21-6, 21-8, and 21-12)*

Docket Nos. 21-6, 21-8, and 21-12 (available in redacted form at 32-1, 32-2, and 32-3) (collectively, the "Filed Conduct Board Documents") are comprised of records of Conduct Board proceedings relating to disciplinary action taken by Defendant Syracuse University against Plaintiff.  The documents were filed by Defendants on April 28, 2023 as exhibits to their motion to dismiss.  On May 9, 2023, Defendants filed a letter motion seeking to file the same documents in redacted form.  *See* Dkt. 32.  Following Defendants' filing of the May 9, 2023 letter motion, access to Docket Nos. 21-6, 21-8, and 21-12 was restricted.  The Filed Conduct Board documents have since been maintained in redacted form, under Dkt. Nos. 32-1, 32-2, and 32-3, pursuant to the Court's September 30, 2024 Decision and Order.

On February 20, 2025, Plaintiff filed a motion to seal the Filed Conduct Board Documents.  *See* Dkt. 88.  The Court denied the motion and directed the parties to submit a stipulation for the limited disclosure and use of the Filed Conduct Board documents.  *See* Dkt. 97.  The parties subsequently submitted a stipulation, in which Defendants agreed that the Filed Conduct Board documents may not be used, disclosed, or disseminated for any purpose other than preparing for and conducting the above-captioned litigation.  Dkt. 101.

### LEGAL ARGUMENT

In *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006), the Second Circuit set forth "[a] three-step analysis [which] governs whether a filing may be submitted under seal or with redactions." *Fairstein v. Netflix, Inc.*, No. 20-CV-08042 (PKC), 2023 WL 6164293, at *1 (S.D.N.Y. Sept. 21, 2023) (citing *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006)).   "First, a court determines whether the filing is a 'judicial document;' second, it determines the weight of the presumption of access afforded to the document; and third, it identifies and weighs factors 'that legitimately counsel' against public access." *Id.* (quoting *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020)).

While "finding that a document is a 'judicial document' triggers a presumption of public access," the right of public access is not absolute. *Lugosch*, 435 F.3d at 120 n.4.   "Once the court has



Hon. Thérèse Wiley Dancks
October 27, 2025
Page 3

determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Id.* "Finally, after determining the weight of the presumption of access, the court must balance competing considerations against [disclosure]," *Id.* at 120 (internal quotation marks omitted). "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* "[T]he court will weigh the competing interests against access, including "the degree of judicial reliance on the document in question and the relevance of the document's specific contents to the nature of the proceeding." *Valassis Communications, Inc. v News Corp.,* 17-CV-7378 (PKC), 2019 WL 10984156, at *1 (SDNY Mar. 11, 2019) (citing *Newsday LLC v. Cty. of Nassau,* 730 F.3d 156, 166–67 (2d Cir. 2013)).

### *The Presumption of Public Access is Low*

While Plaintiff acknowledges that the above-mentioned documents have been deemed judicial documents by the Court, he submits that the weight of the presumption of access to these documents, following the conclusion of this litigation, is low. The information found in both the Criminal Records and the Filed Conduct Board Documents "overlap heavily with the information in the unsealed filings and provide only marginal value to those monitoring the federal courts." *Lohnn v. IBM Corp.,* 2022 WL 3359737, at *5 (S.D.N.Y. Aug. 15, 2022). Even if the documents are sealed, other filings relating to Defendants' motion to dismiss (such as the Amended Complaint and the parties' briefing) will remain unsealed, providing continued public access to the Court's adjudicative process. Plaintiff's proposed sealing request is narrowly tailored to prevent the dissemination of the documents themselves. It is not intended to otherwise shield the public from accessing relevant information relating to this case.

The documents at issue were filed in connection with Defendants' motion to dismiss, which was decided by the Court over a year ago. The Criminal Records were submitted in support of Defendants' arguments to dismiss Plaintiff's First and Eighth Causes of Action for false arrest and false imprisonment, both of which were voluntarily dismissed by Plaintiff prior to the Court's adjudication of the motion to dismiss. While the Court determined that "it is possible that Exhibits G and H might be relevant to questions arising in the context of Plaintiff's other claims," it did not reference the Criminal Records in its analysis of Plaintiff's remaining causes of action. *See* Dkt. 60 at 27; *Valassis Communications, Inc. v News Corp.*, 17-CV-7378 (PKC), 2019 WL 10984156, at *2 (SDNY Mar. 11, 2019) (partially granting motion to seal where "the Court did not rely on the documents proposed to be sealed" in deciding motion for summary judgment.)

### *Plaintiff's Countervailing Interests Outweigh the Presumption of Public Access*

The low presumption of access is outweighed by Plaintiff's strong privacy interests, which have been articulated within his prior motions, but still bear repeating. Plaintiff is a 25-year-old recent



Hon. Thérèse Wiley Dancks
October 27, 2025
Page 4

college graduate who has only recently entered the job market. He has been the subject of online bullying and physical threats by fellow Syracuse University students. While he acknowledges that the allegations raised within his complaint have brought both the Criminal Records and the Filed Conduct Board documents into issue, Plaintiff posits that this Court has neither been asked to adjudicate, nor has adjudicated, the merits of the factual assertions contained in those documents. This Court's jurisprudence in relation to those documents has only concerned whether they may be relevant to eventual adjudication of this matter on its merits—now unnecessary given the parties agreement to amicably resolve this dispute prior to the summary judgment phase of this litigation.

The factual contentions raised by those documents were either administratively adjudicated or resolved by plea allocution within their respective contexts. The sealing or redaction of these documents' contents, therefore, does not detract from the prevailing First Amendment interests in public access to and scrutiny of the Court's governmental function. The potential for harm to come to Plaintiff as a result of leaving these documents unsealed or unredacted thus outweighs the potential for harm to the public's interest in access and its ability to scrutinize government action.

In the alternative to sealing the records entirely, we respectfully request that the Court order that certain portions of Plaintiff's Criminal Records be redacted – specifically, that Dkt. Nos. 21-10 and 21-11 be redacted to remove Plaintiff's name – and that that the Filed Conduct Board Documents continue to be maintained on the docket in redacted form, under Dkts. 32-1, 32-2, and 32-3, with access to 21-6, 21-7, and 21-8 restricted. This request is narrowly tailored to protect Plaintiff's privacy interests, while respecting the public's right of access to judicial documents.

We have conferred with opposing counsel and they have no opposition to sealing or, at least, redacting the docket. Please feel free to contact me if you have any questions or concerns.

Thank you for your time and attention to this matter.

Respectfully submitted,

BOUSQUET HOLSTEIN PLLC

*/s/Kavitha Janardhan*

Kavitha Janardhan
Direct Dial: (315) 701-6468
Email: kjanardhan@bhlawpllc.com

KJ/DJB/ate

cc: Counsel for Defendants via CM/ECF



Hon. Thérèse Wiley Dancks
October 27, 2025
Page 5

7805286.5